[No. 11798.   Department Two. — August 24, 1887.]

GEORGE CROSSMORE, APPELLANT, *v.* C. A. PAGE ET AL.   ALONZO RHODES, RESPONDENT.

PROMISSORY NOTE — DEFAULT IN INTEREST — OPTION TO CONSIDER AS DUE — DELAY IN EXERCISE OF. — An option given to the holder of a promissory note of having the same become due immediately upon default in the payment of the interest as therein provided, in order to be available as against an indorser, must be exercised within a reasonable time after default; and a delay of seven months before attempting to exercise the option is unreasonable.

APPEAL from an order of the Superior Court of San Joaquin County granting a new trial.

The facts are stated in the opinion.

*Aug. Muenter,* and *J. E. Richardson,* for Appellant.

The plaintiff could exercise his option to have the whole of the note become due at any time after default in the payment of interest, either immediately upon such default, or at any time thereafter that he should elect. (*Brickell* v. *Batchelder,* 62 Cal. 631; *Whitcher* v. *Webb,* 44 Cal. 127; *Leonard* v. *Tyler,* 60 Cal. 300; *Rednean* v. *Purrington,* 65 Cal. 272; *Dean* v. *Applegarth,* 65 Cal. 391; Jones on Mortgages, secs. 1179–1186.)

*Carter, Smith & Keniston,* for Respondent.

The delay of the holder of the note to exercise the option released the defendant Rhodes from his liability as indorser. (*Newell* v. *Gregg,* 51 Barb. 264; *Arents* v. *Commonwealth,* 18 Gratt. 750; *First Nat. Bank of St. Paul* v. *County Comm'rs,* 14 Minn. 77; *Vinton* v. *King,* 4 Allen, 562; *Fitchburg Ins. Co.* v. *Davis,* 121 Mass. 121.)

FOOTE, C. — This is an action to foreclose a mortgage given to secure the payment of a promissory note executed by Page to Rhodes, and by the latter indorsed to the plaintiff.

The court, sitting without a jury, rendered judgment as prayed for against both Page and Rhodes, but upon motion duly made granted a new trial as to Rhodes. From that order the plaintiff appeals.

The note, to secure the payment of which the mortgage was executed, reads as follows: —

"$8,153.50.          "STOCKTON, CAL., June 30, 1884.

"On or before three years after date, without grace, I promise to pay to Alonzo Rhodes, or order, the sum of $8,153.50, payable only in gold coin of the government of the United States, for value received, with interest thereon in like gold coin, at the rate of eight (8) per cent

per annum, from date until paid, interest payable annually, and if not so paid as it becomes due, to be added to the principal, and become a part thereof, and bear interest at the same rate; but if default be made in the payment of the interest, as above provided, then this note shall immediately become due at the option of the holder thereof.                            C. A. PAGE."

The contract was, that in case of default in the payment of interest, "this note shall immediately become due at the option of the holder thereof." This is not the same as saying that the note shall become due immediately *upon* the option of the holder. The meaning is, that the note is to become due immediately upon the default at the option of the holder. And this is a different thing from saying that it shall become due seven months after default at the option of the holder. The holder was entitled to a reasonable time to exercise his option; but this time was nothing like what elapsed before the election was made. To allow him to wait seven months before doing anything would be to make the contract read, that, in case of default, the holder has the option to make the note become due at an indefinite time after default, whereas what it says is, that it shall become due immediately upon the default at the option of the holder, which is to be exercised at furthest within a reasonable time. In exercising a right like this, the holder must keep within the terms of his contract. Not having done this, he had to wait until the next installment of interest should fall due and remain unpaid, which had not taken place when this action was brought.

This being so, it may well be presumed that the court below came to the conclusion, after a re-examination of the evidence given upon this point, that it did not sustain the decision, and therefore granted a new trial, and it is our opinion that the order made in the premises was right, and should be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order is affirmed.