[No. 11114.   Department Two. — May 26, 1888.]

GEORGE T. MARYE, JR., ADMINISTRATOR ETC. OF EMELINE L. HASLAM, DECEASED, RESPONDENT, v. J. B. HART ET AL., APPELLANTS.

MORTGAGE — PROVISION FOR PAYMENT OF TAX ON MORTGAGED PREMISES — CONSTITUTIONAL LAW — INTEREST. — A clause in a mortgage authorizing the mortgagee to pay taxes imposed upon the mortgaged premises which are chargeable thereon, and providing that such payments and interest thereon shall be considered as secured by the mortgage, does not have the effect, under sections 4 and 5 of article 13 of the constitution, to render void the agreement for the payment of interest on the mortgage debt.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*William Matthews*, for Appellants.

*A. N. Drown*, for Respondent.

SHARPSTEIN, J. — This is an appeal from a judgment of foreclosure of mortgage, executed by the defendants to Emeline L. Haslam, deceased.

The mortgage was made to secure the principal and interest specified in a certain promissory note executed by the defendants to said Haslam, of even date with the mortgage.

The note was for $770, payable on or before June 10, 1887, with interest at the rate of nine per cent per annum, payable monthly in advance, and in case of default in the payment of any installment of interest, the entire unpaid balance of principal and interest to become due and payable at the option of the holder of the note.

This action was commenced February 6, 1884. The plaintiff alleges, and the defendants do not deny, that no part of the interest or principal had then been paid.

A right of action accrued before this action was commenced, unless by reason of a clause in the mortgage the agreement to pay interest was void. The following is a copy of the clause which appellant's counsel contends renders the agreement to pay interest void:—

"And it is hereby agreed that it shall be lawful for the party of the second part, her heirs, executors, administrators, or assigns, to pay and discharge at maturity all taxes or assessments, liens, or other encumbrances now subsisting or hereafter to be laid or imposed upon said lot of land or premises, and which may be in effect a charge thereupon; and also to pay (upon failure by said first parties so to do) the amount necessary to keep said premises insured as hereinafter stated, and such payment or payments shall be allowed, with interest thereon at the rate of two (2) per cent per month from the date of such payments, and such payments and interest shall be considered as secured by these presents, and a charge upon said premises, shall be repayable in the same kind of money or currency in which the same may have been paid, and may be deducted from the proceeds of the sale above authorized."

To support this contention, section 5 of article 13 of the constitution is cited. The section reads as follows:—

"Every contract hereafter made, by which a debtor is obligated to pay any tax or assessment on money loaned, or on any mortgage, deed of trust, or other lien, shall, as

to any interest specified therein, and as to such tax or assessment, be null and void."

Section 4, which immediately precedes the section above quoted, provides that "a mortgage, deed of trust, contract, or other obligation by which a debt is secured shall, for the purposes of assessment and taxation, be deemed and treated as an interest in the property affected thereby, . . . . and the value of the property affected by such mortgage, deed of trust, contract, or obligation, less the value of said security, shall be assessed and taxed to the owner thereof. . . . . The taxes so levied shall be a lien upon the property and security, and may be paid by either party to such security; if paid by the owner of the security, the tax so levied upon the property affected thereby shall become a part of the debt so secured; if the owner of the property shall pay the tax so levied on such security, it shall constitute a payment thereon, and to the extent of such payment a full discharge thereof."

This section certainly does provide that taxes levied upon the property and security *may be paid by either party to the security, and if paid by the owner of the security, the tax so levied upon the property affected thereby shall become a part of the debt so secured.* The contract attacked in this case provides for the same thing in somewhat different language. It provides that the owner of the security may pay and discharge at maturity all taxes, etc., now or hereafter to be laid or imposed upon said lot of land and premises, and which may be in effect a charge thereupon, "*and such payments and interest shall be considered as secured by these presents.*"

We must so construe the various clauses of the constitution as to make them harmonize, if it can be done without distorting the meaning of any of them. This would not be accomplished by holding that section 5 prohibits what section 4 expressly permits.

There is no occasion in this case to construe section 5

beyond holding that it does or does not render the agreement to pay interest at the rate of nine per cent per annum monthly in advance null and void. We think it does not. As to the contract which it is claimed effects that result, nothing is claimed under it, and it is unnecessary to indicate what we would do if there was.

We think the complaint states facts sufficient to constitute a cause of action, and it follows that the judgment must be affirmed.

Judgment affirmed.

McFarland, J., and Thornton, J., concurred.

Hearing in Bank denied.