## HEWETT v. DEAN et al.*

## No. 14,011; January 30, 1891.

### 25 Pac. 753.

**Promissory Note—Default in Interest—Demand.**—Where a note secured by mortgage declares that, on failure to pay the annual interest when due, the whole sum of principal and interest shall become immediately due and payable at the option of the holder, demand after default is not necessary to support an action for the entire sum. Bringing the suit to foreclose is sufficient demand.[1]

**Promissory Note—Default in Interest.**—A Delay of Three Months after default in the interest is not a waiver of the right to exercise the option, when the delay is caused by reason of defendant's request to be allowed a few days additional in which to pay the interest.

**Mortgage—Payment of Taxes.**—A Mortgage, Given to Secure a contemporaneous note bearing twelve and one-half per cent interest, provided that "all payments made by the mortgagee for taxes and assessments on said premises, excepting taxes on the interest of the mortgagee therein," might be included in the decree of foreclosure. The mortgagee signed a separate agreement to credit the mortgagor with two and one-half per cent interest on the note if the latter presented receipts showing that he had paid "all taxes against the property covered by the mortgage." Held, that this was not an agreement by the mortgagor to pay taxes on the money loaned, nor could parol evidence be given that such was the intention, for the purpose of avoiding the entire interest, under constitution, article 13, section 5, declaring any contract by which a debtor agrees to pay taxes on the money loaned shall be void as to any interest specified therein.

**Mortgage—Attorney Fees.**—The Note Provided that, if suit was commenced to enforce its payment, the maker would pay five per cent on the principal as an attorney's fee, and the mortgage provided for the payment of "a reasonable counsel fee" upon foreclosure. The complaint alleged "that the sum of $300 is a reasonable attorney's fee or counsel fee for the foreclosure of said mortgage." Held, that this was sufficient to support a judgment for an attorney's fee with-

*For subsequent opinions in bank, see 91 Cal. 5, 25 Pac. 753; 91 Cal. 617, 25 Am. St. Rep. 227, 28 Pac. 93.

1 Cited and followed in Dieter v. Bowers, 37 Tex. Civ. App. 618, 84 S. W. 849, a foreclosure of a deed of trust.

25

out averring that plaintiff had actually incurred expense for that purpose. But plaintiff was not entitled to recover as counsel fee more than five per cent on the principal, as provided in the note.[1]

APPEAL from Superior Court, Orange County; J. W. Towner, Judge.

Victor Montgomery for appellants; Ray Billingsley for respondent.

BELCHER, C. C.—This is an action to foreclose a mortgage on real property. The note, to secure which the mortgage was given, was for $2,500, dated October 29, 1887, and payable three years after date, with interest at the rate of twelve and one-half per cent per annum payable annually, and if not so paid to be compounded annually, and bear the same rate of interest as the principal. The note then contained the following provisions: "And should the interest not be paid when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Should suit be commenced to enforce the payment of this note, we agree to pay an additional sum of five per cent on principal as attorney's fees in such suit." The mortgage also provided: "And the mortgagors promise to pay said note according to the terms and conditions thereof, and in case of default in payment of same, or of any installment of the interest thereon when due, the mortgagee may foreclose this mortgage, and may include in such foreclosure a reasonable counsel fee, to be fixed by the court." The action was commenced on the eighteenth day of January, 1889, and the complaint alleged that no part of

---

[1] Cited with approval in Lewis v. Sutton, 21 Idaho, 545, 122 Pac. 913, where the court says that to get at the figures of the attorneys' fees for foreclosure intended by the parties to a mortgage contract, "the notes and mortgage should be read and construed together."

Cited and followed in Lewis v. Sutton, 21 Idaho, 245, 122 Pac. 913. It was said there: "The parties have power to stipulate a fee which is lower than a reasonable fee, but the court should not fix or allow a fee, although stipulated, which is unreasonable or extortionate. We think this construction of the stipulation found in the notes and the mortgage is fully sustained by the authorities, and that the provisions with reference to attorneys' fees found in the notes and mortgage should be read and construed together."

the principal or interest mentioned in the note had been paid; and ''that because of said interest not having been paid when due, and upon the provision with reference thereto contained in said note, the plaintiff elects to consider and declare the whole sum of principal and interest of said note now due and payable.'' The prayer was that the plaintiff have judgment for the sum named in the note as principal, and interest thereon as the note specified, compounded annually, ''and for five per cent on the said principal sum of $2,500, for attorney's fees, as provided in said promissory note, and being such reasonable counsel fee, as provided in said mortgage, and for costs of suit,'' and also that the usual decree of foreclosure be entered. Subsequently the plaintiff filed an amendment to his complaint, alleging that on or about the 20th of November, 1888, he demanded personally of the defendant G. L. Dean the payment of the whole sum of principal and interest; and on the 4th of December, 1889, he filed a supplemental complaint, alleging that on the 29th of October of that year another installment of interest fell due, and that no payment whatever of interest or principal had been made. The defendants demurred generally and specially to the complaint as amended, and the demurrer was overruled. They then answered, and by their answer denied that plaintiff made any demand for the payment of the principal of the note prior to the commencement of the action, and alleged that no notice of plaintiff's election or option to consider the principal and interest of the note due was ever given by him to them, or either of them, prior to the commencement of the action. They also set up a written memorandum, signed by the plaintiff, agreeing to credit the defendants with two and one-half per cent of the twelve and one-half per cent stipulated interest, provided the defendants should present receipts showing the payment of all taxes against the property covered by the mortgage on or before the fifteenth day of December of each year, and alleged that the memorandum was made at the time the note and mortgage were executed, and was a part of the transaction, and that they had paid all state, county, and municipal taxes assessed against the property, and were therefore entitled to a credit of the two and one-half per cent per annum on the interest. The case was tried, and the court found that the plaintiff signed and de-

livered to the defendant G. L. Dean the memorandum set forth in the answer, at the time the note and mortgage were executed; that an agreement was thereby made between the plaintiff and defendants that the rate of interest on the note should be ten per cent per annum only, provided the defendants should pay all taxes levied against the mortgaged property subsequently; that the defendants paid the state, county and municipal taxes on the property for the fiscal year 1888–89, and the municipal taxes for the fiscal year 1889–90, but had not paid the state and county taxes for the last-named year, and were entitled to a reduction of the interest on the principal to ten per cent per annum for the first year only; that the plaintiff had paid all state, county, and municipal taxes assessed against the mortgage; that no part of the principal sum nor of the interest thereon mentioned in the note and mortgage had been paid; that no notice that plaintiff had elected, or exercised his option to consider the principal and interest of the note due was given by plaintiff to defendants, or either of them, prior to the commencement of the action, and that no demand was made by plaintiff upon defendants for the payment of the whole sum of principal and interest other than by bringing the suit; that the sum of $300 is such reasonable attorney's fee as is provided in the note and mortgage; and that at the time of the trial, December 21, 1889, the amount of principal and interest due and unpaid on the note was $3,149.60. A decree of foreclosure was accordingly entered, adjudging that there be paid to the plaintiff from the proceeds of the sale of the property the amount found due, and $300 for attorney's fee, and costs of suit. The defendants moved for a new trial, which was denied, and have appealed from the judgment and order.

1. The appellants contend that it was necessary for respondent, before commencing his action, to give them notice that he had exercised his option to treat the whole sum of principal and interest as due, and to make demand for the payment of the whole sum, and also that, by his delay to commence the action for nearly three months after the first installment of interest became due, he waived the right to exercise such option. The promise to pay the interest annually was absolute, and the first installment became due at the expiration of one year after the date of the note. The stipulation in

the note that, if the interest should not be paid when due, then the whole sum of principal and interest should immediately become due and payable at the option of the holder, was without any conditions or limitations requiring notice or demand. The makers knew of this provision, and their failure to pay the interest when it became due left it wholly optional with the holder to insist upon the payment of the whole debt, or not, as he might elect. In Whitcher v. Webb, 44 Cal. 127, where the note in suit contained a provision similar to that involved here, it was held that a failure to pay the interest when it became due made the whole amount of the note due absolutely, at the option of the holder, without any notice from the holder to the payor. The court said: "The plaintiff had no duty to perform to the defendant, and the latter no excuse to delay the payments which he had stipulated to make." In Dean v. Applegarth, 65 Cal. 391, 4 Pac. 375, the note in suit bore interest at the rate of one per cent per month, payable monthly, in advance, and it was stipulated that, in case default should be made in the payment of any of the interest when due, such installment or payment thus in default should bear interest from the day of maturity until payment at the rate of two per cent, compounding monthly, and at any time during such default the entire unpaid balance of the principal sum should, at the option of the holder of the note, and not otherwise, become due and payable, and the principal sum so due and payable should bear interest thereafter at the rate of two per cent per month, compounding monthly, until paid. When the action was commenced, the note, by its terms, had become due, and the question was as to what interest the plaintiff was entitled to recover. The court said: "This provision as to the compounding of the interest on the principal sum was only intended to have operation when, after default in the payment of an installment of interest, and before the principal sum had matured, the plaintiff elected to have the principal become due, so that he might bring his action at once to foreclose." It did not appear from any averment in the complaint or otherwise that any option was made or manifested in any way by the plaintiff prior to the commencement of the action; and it was held that this option must have been exercised and manifested in some way before it could have effect. The court

then, speaking of the ways in which the option might have been manifested, said: "He [the plaintiff] might have brought his action to foreclose immediately on default, and this would have been a sufficient election." In Insurance Co. v. Shepardson, 77 Cal. 345, 19 Pac. 583, the court said: "The promise to pay the interest annually was absolute. The only question left to the option of the holder was whether, upon the failure to pay such interest, the whole amount of principal and interest should immediately become due and payable, without any act on the part of the holder showing his election to exercise the option given him. The case as presented does not call for a decision of this question, but we think the case of Whitcher v. Webb, 44 Cal. 127, determines it adversely to the appellant." As to demand, the general and well-settled rule is that, in an action to recover money payable on demand, or at a fixed time, or on the happening of an event, it is not necessary to show actual demand before bringing suit. The institution of the suit is a sufficient demand: Ziel v. Dukes, 12 Cal. 479; Halleck v. Moss, 22 Cal. 266; Luckhart v. Ogden, 30 Cal. 556; Cummings v. Howard, 63 Cal. 503.

In the light of the foregoing authorities, it is clear, we think, that the plaintiff could maintain his action without showing notice of his election or demand of payment prior to, or otherwise than by, the institution of his suit. In Crossmore v. Page, 73 Cal. 213, 2 Am. St. Rep. 789, 14 Pac. 787, it was held that an option given to the holder of a promissory note, to have the same become due immediately upon default in the payment of the interest as therein provided, in order to be available as against an indorser, must be exercised within a reasonable time after default, and that a delay of seven months before attempting to exercise the option was unreasonable.

The delay in commencing this action was, as we have seen, less than three months after the default in paying interest, and the circumstances connected with and accounting for the delay are as follows: The plaintiff testified that on or about October 20, 1888, he met the defendant G. L. Dean, and that "Mr. Dean said to me he wanted I should have this money, but he said, 'I have use for it, and if you can just let me have a few days'—or something like that—'I want it to pay for

a carload of material.' I told him, 'Mr. Dean, I am expecting it. I have counted on it, and want the money, but I can get along for a few days.' We was speaking about the interest, and that was a little before the interest became due. I wanted the money, but I didn't propose to press him." The defendant G. L. Dean testified substantially to the same effect, but fixed the time as about October 27th. He stated that plaintiff told him he had use for the money, but under the circumstances he would extend the time to pay the interest, and would not push him. The defendants also put in evidence a letter, dated October 27, 1888, which was written by plaintiff's attorneys, and addressed to and received by defendants, stating that the interest on their note, due the 29th instant, was payable at the attorney's office, where the note would be found, and that prompt payment was expected. It thus appears that the delay complained of was at the request of defendants. Under this showing we do not think it can be said that plaintiff's delay to institute his action was for an unreasonaable length of time, or that he thereby waived his right to exercise the option given him.

2. The point is made that the words "all taxes against the property covered by the mortgage," as used in the memorandum set up in the answer, included taxes upon the mortgage as well as upon the land; and, if so, it is argued that the memorandum, under the provisions of section 5 of article 13 of the constitution, rendered null and void the promise in the note to pay any interest. At the trial counsel for defendants offered to prove that the words above quoted were intended by the parties, and understood by them to cover and include the mortgage tax. On objection, the offered evidence was excluded, and this ruling is assigned as error. We see no error in the ruling. The section of the constitution cited reads as follows: "Every contract hereafter made by which a debtor is obligated to pay any tax or assessment on money loaned, or on any mortgage, deed of trust, or other lien, shall, as to any interest specified therein, and as to such tax or assessment, be null and void." The promise in the note to pay interest at twelve and one-half per cent was absolute; and the mortgage provided that the mortgagee might include in a decree of foreclosure "all payments made by the mortgagee for taxes and assessments on said premises, excepting

taxes on the interest of the mortgagee therein.'' . The memorandum was not signed by the defendants, and they did not thereby obligate themselves to pay any taxes on the land or mortgage. It simply provided that, if they should present receipts showing the payment of all taxes against the property, then the interest on their note was to be ten per cent per annum only. They might or might not pay all or any of the taxes at their pleasure, and the evidence showed that the plaintiff in fact paid all taxes assessed against his mortgage at the time they became due: See Marye v. Hart, 76 Cal. 291, 18 Pac. 325.

3. It is contended that the court erred in finding that $300 was a reasonable attorney's fee, and in allowing the plaintiff that amount. This is rested upon the fact that there was no allegation in the complaint that the plaintiff had paid that sum, or incurred any liability to pay it, and hence it is claimed that the finding was outside of the issues, and not authorized. But the complaint alleged ''that the sum of $300 is a reasonable attorney's fee or counsel fee for the foreclosure of said mortgage''; and, if any averment as to the fee was necessary, this certainly was sufficient: See Carriere v. Minturn, 5 Cal. 435; Monroe v. Fohl, 72 Cal. 568, 14 Pac. 514; Rapp v. Gold Co., 74 Cal. 532, 16 Pac. 325; White v. Alatt, 87 Cal. 245, 25 Pac. 421. The cases cited and relied upon by appellants are not in point. In Patterson v. Donner, 48 Cal. 369, the action was commenced and prosecuted by the plaintiff personally; and in Bank v. Treadwell, 55 Cal. 379, the attorney for plaintiff was employed by it to perform its legal business under a regular monthly salary, and it had neither paid nor become liable to pay to him anything as counsel fees. It was held in each case that, under the circumstances shown, counsel fees could not be allowed; the court, in the latter case, saying: ''The object of the law allowing counsel fees is not to afford an opportunity, under cover of the name, for a speculation on the part of the creditor, but to reimburse him in a proper amount for a sum which he pays, or becomes liable to pay, or to relieve him of the burden of paying counsel fees.'' No such circumstances appear here.

But, even if the plaintiff was entitled to a counsel fee, it is strenuously urged that the amount allowed was too large; that the court could properly allow only $125. This position,

we think, should be sustained. The note provided for an attorney's fee of five per cent on the principal in case an action should be commenced to enforce its payment. The mortgage provided for a reasonable attorney's fee in case of foreclosure. There papers should be read together as constituting one contract in this regard: Civ. Code, sec. 1642. And, besides, the plaintiff asked for only "five per cent on the said principal sum of $2,500 for attorney's fees." It has been held that, when the mortgage fixes the amount of the attorney's fee, it is error for the court to allow a larger sum than that so fixed; Monroe v. Fohl, 72 Cal. 568, 14 Pac. 514. We think that rule should be applied here.

We find no other error in the record. The findings seem to be sufficient and without conflict. We therefore advise that the judgment be modified by reducing the amount allowed for attorney's fees to $125, and that as so modified the judgment and order be affirmed, the appellants to recover costs on appeal.

We concur: Vanclief, C.; Hayne, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is modified by reducing the amount allowed for attorney's fees to $125, and as so modified the judgment and order are affirmed, the appellants to recover costs on appeal.