## John E. Houston v. Richard Curran, Isabella Curran and George E. White.

1. MORTGAGES—*Stipulations that the Whole of the Principal May Be Declared Due on Default in the Payment of a Part.*—A stipulation in a mortgage that the entire principal shall become due and payable, or that the mortgagee may at his election declare it to be due and payable upon the failure of the mortgagee in the payment of any part of the principal or interest, is legal and valid, and is not objectionable as being in the nature of a penalty or forfeiture.

2. SAME—*Stipulations Providing for a Forfeiture in Payment, Where the Default is Willful.*—Stipulations in a mortgage providing for a forfeiture in default of payment are not regarded with disfavor by the courts and are to be construed and enforced, and the intentions of the parties ascertained, in accordance with rules applicable to other contracts. That which is sometimes termed a forfeiture, is really but an acceleration of the time of payment.

3. SAME—*Provisions if Default is Made in the Payment of Interest.*—A provision in a mortgage that if default in the prompt payment of interest shall be made, the entire principal sum shall at once become due and payable is not in the nature of a penalty and will be sustained in equity as well as at law.

4. FORFEITURES—*When a Court of Equity Will Not Grant Relief Against.*—A court of equity may grant relief against forfeitures occasioned by fraud, accident or mistake, but where an agreement creates a mere pecuniary obligation it will not do so where the default arose from gross negligence or was willful and persistent.

5. SAME—*Where a Forfeiture Is Not Waived by the Acceptance of Payment of a Second Mortgage Coupon Note.*—Where a mortgagor is declared to be in default in the payment of one of several coupon notes secured by a mortgage, the mortgagee, by accepting payment of a subsequent coupon note, does not, as against the mortgagor, waive the effect of his declaration of forfeiture.

6. SAME—*Effect of a Declaration of Forfeiture.*—The declaration of the entire principal sum as due, does not discharge the debt nor stop the running of the interest. Whatever payments are afterward made, discharge it *pro tanto*, and the mortgagee has a right to receive at any time all or a portion of what is due, and he can not refuse to take all or any portion of it.

7. SAME—*Effect of the Payment of Interest After a Declaration of Forfeiture.*—The mere payment or acceptance of interest, after a declaration of forfeiture, can not revive the contract or deprive the mortgagee of his right to have, or the mortgagor to pay at once, all that is due.

8. CHANCERY PRACTICE—*When a Suit in Foreclosure is Not Prematurely Brought.*—When a suit in foreclosure is commenced after a declaration of forfeiture, if prematurely brought as to the entire mortgage indebtedness, it is not as to the coupons matured at the time of its commencement.

**Mortgage Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded, with directions. Opinion filed March 18, 1902.

John E. Houston, appellant, the owner and holder of the principal and coupon notes and the trust deed securing the same, which are in question in this litigation, made demand of the maker for payment of that one of the notes which became due the twenty-fourth day of February, 1899. Payment was not made, and said note is still unpaid.

Default in the payment of this interest coupon having continued for more than thirty days, thereafter a bill was filed by E. Houston and James H. Gilbert, the trustee named in the trust deed, against Richard Curran, the owner of the property, his wife, Isabella Curran, and George E. White, who had guaranteed said note on March 29, 1899, in the Superior Court, declaring the entire principal and interest due, together with solicitor's fees, on account of this default in the payment of interest coupon note, maturing February 24, 1899.

The defendants having demurred to the bill, this demurrer

was overruled; whereupon the defendants below, Richard and Isabella Curran, answered; George E. White was defaulted. The matter was then referred by the chancellor to Master in Chancery Granville W. Browning, of said court, to hear and report back to the court the evidence, together with his conclusions as to law and fact.

While the evidence was being heard by the master, a second interest coupon note for the sum of forty-five dollars matured, according to its face, August 24, 1899. September 12, 1899, appellant (complainant below) accepted the amount of money evidenced by this second interest note, to wit, $45, under these circumstances, the first coupon note still remaining unpaid.

This second coupon note was paid by the defendant Richard Curran under protest by him. The defendants in their answer, and before the master, had insisted that all the notes really belonged to George E. White, and that White owed Curran a large sum of money, which Curran insisted should be set off against the mortgage indebtedness.

The master found that all the material allegations of the bill were sustained by the proof, and recommended that the prayer of the bill be granted.

Upon hearing, the chancellor found that the master properly refused to allow the claim for equitable set-off made by the defendant Curran; that the complainant, Houston, presented to Richard Curran for payment, coupon note No. 2, being the one maturing by the terms thereof on August 24, 1899; that thereupon said Curran asked said Houston when said note became due, and that said Houston then and there declared that said note became due on the twenty-fourth day of August, 1899; that said Curran thereupon informed said Houston that he would pay said note; that said Houston then and there accepted such payment and has always retained the money so paid to him; that these actions, proceedings and declarations of said Houston are inconsistent with the allegations in the bill to the effect that said Houston had declared the whole amount secured by the trust deed due for non-payment of interest,

and that the suit herein was, by reason thereof, prematurely brought; that the presentation and collection of said note was and is a waiver of any forfeiture that said Houston might, therefore, have declared.

Thereupon the court dismissed the bill.

CUNNINGHAM, VOGEL & CUNNINGHAM, attorneys for appellant.

WALSH & McARDLE, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

A stipulation in a mortgage that the whole principal shall become due and payable or that the mortgagee may at his election declare the entire principal due and payable upon default in the payment of any part of the principal or interest is legal and valid and is not objectionable as being in the nature of a penalty or forfeiture. Jones on Mortgages, section 76–1181; Ottawa Plank Road Company v. Murray, 15 Ill. 336; Hoodless v. Reid et al., 112 Ill. 105–111; Brown v. McKay, 151 Ill. 315–323; Swearingen v. Lahner, 26 L. R. A. 765.

Stipulations such as these, in a mortgage, are not regarded with disfavor by the courts and are to be construed and enforced and the intentions of the parties ascertained in accordance with the rules applicable to other contracts. That, sometimes termed a forfeiture, is really but an acceleration of time of payment. Unearned interest is not rendered due by an acceleration of the time of payment of the principal, even if the acceleration were to be regarded as a forfeiture; the default being willful, a court of equity will not, in such a case as this, relieve against it. Swearingen v. Lahner, 26 L. R. A. 765–766; Hoodless v. Reid, 112 Ill. 105; Wiltsie on Mortgage Foreclosure, Sec. 37.

A court of equity may grant relief against forfeitures occasioned by fraud, accident or mistake, but where the agreement creates a mere pecuniary obligation it will not do so where the default arose from gross negligence or was willful and persistent. Pomeroy's Equity Jurisprudence,

Houston v. Curran.

Sec. 452–856; Spring v. Fisk, 6 C. E. Green, N. J. Eq. 175; Baldwin v. Van Vorst, 2 Stockton, N. J. Eq. 577.

A provision in a bond or mortgage that if default in the prompt payment of interest shall be made the entire principal sum shall at once become due and payable is not in the nature of a penalty, but will be sustained in equity as well as at law.    Pomeroy's Equity, Sec. 439.

It is urged that the presentation and collection of the second coupon note was a waiver of the declaration that by reason of default in payment of the first coupon the entire amount had become due.

As against the mortgagor appellant could not waive the effect of his declaration.    Platt v. Ætna Life Ins. Co., 153 Ill. 113–120; Terry v. Munger, 121 N. Y. 161–167.

By declaring, as he had a right to do, the entire amount due, it became due.    Curran then became possessed of the right to at once pay the entire debt, a right which there is no evidence he ever waived or released.

The testimony as to the payment of the second coupon shows that there was not in the mind of either party any thought of waiver, while there was a manifest attempt by each not to have the payment operate as a change of any condition then existing.    Curran declared that he paid under protest and Houston consulted his lawyer before accepting the $45.    Curran, seemingly, was considering only the effect of payment upon his claim to set off what White owed to him.

The declaration of the entire principal as due did not discharge the debt nor stop the running of interest.    Whatever payments were thereafter made, discharged, *pro tanto*, the debt of Curran; appellant had a right to receive at any time all or a portion of what was due him—indeed, could not refuse to take all or any portion.

The mere payment or acceptance of interest after the declaration, could not revive the contract or deprive appellant of his right to have or Curran to pay at once all that was due.    Van Vlissengen v. Lenz, 171 Ill. 162–168; Am. Loan & Trust Co. v. Union Depot Co., 80 Fed. Rep. 36.

In the present case none of appellees at any time set up by way of answer or otherwise, the defense that by demand of or acceptance of payment of the second interest coupon six months after the bill of foreclosure was filed the declaration of the entire principal as due was waived, or that thereby the suit became prematurely brought.

The nearest approach to a suggestion of this is contained in the objections filed by appellees to the master's report.

Objection number 10 contains the following :

"The master erred   *   *   *   in failing to find that after the commencement of the suit herein, the said Houston presented for payment one of the interest coupon notes, which fell due after the commencement of the suit herein for payment to the said Curran; that the said Curran on the presentation of said interest coupon as aforesaid to him, by the said Houston, paid the same, and in failing to find that the said Houston at the date of the payment of the coupon last aforesaid then and there declared that the said coupon had become due on the 24th day of August, A. D. 1899, long after the commencement of the foreclosure proceedings herein, and that hence said master should have found that the indebtedness secured by the trust deed herein was not due at the time of the commencement of the foreclosure proceedings herein."

By what process of reasoning a suit properly brought March 29, 1899, could, by a payment made September 12, 1899, become prematurely brought, we do not understand.

Even if prematurely brought as to the entire indebtedness, it was not as to the coupon that matured more than a month before the filing of the bill, which coupon is still unpaid.   Morgenstern v. Klees, 30 Ill. 422.

The decree of the Superior Court is reversed and the cause remanded, with directions to render a decree in accordance with the prayer of the bill.

Reversed and remanded, with directions.