(October 10, 1911.)

## J. K. MULLEN, Respondent, v. GOODING IMPLEMENT & HARDWARE CO., LTD., and WM. BOWEN, Trustee, Appellants.

### [118 Pac. 666.]

MORTGAGE—FORECLOSURE OF—FAILURE TO PAY INTEREST WHEN DUE— PROVISIONS OF MORTGAGE—EXERCISE OF OPTION—DECLARATION OF FORFEITURE—MATURITY OF PRINCIPAL.

#### (Syllabus by the court.)

1. Where the G. I. & H. Co. executed a mortgage to M. containing a provision that if default be made in the payment of any of the interest instalments at the time such interest became due, it was optional with the mortgagee to consider the whole of said principal due and payable, and an instalment of interest was not paid when due and the mortgagee brought his action to foreclose the mortgage, and served summons thereof on the mortgagor, *held,* that the mortgagee exercised said option and declared the principal sum due and payable.

2. *Held,* under the facts of this case that certain negotiations for the payment of the interest due was not a waiver on the part of the mortgagee of the right given him by said provision of the mortgage to declare the principal debt due.

3. The commencement of the foreclosure action was an election by the mortgagee to declare the whole sum due and payable on account of the failure to pay said interest when due.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

Action to foreclose a mortgage on real estate. Judgment for plaintiff. *Affirmed.*

Babcock & Graham, and W. Van Cott, for Appellants.

A tender of the amount of the interest due on this note and mortgage before the mortgagee exercised the option to declare a forfeiture was good, and will be considered as a

waiver of the option by the mortgagee. (*Weinberg v. Naher*, 51 Wash. 591, 99 Pac. 736; *Matzger v. Page*, 113 Pac. 254.)

Mr. Mullen never authorized the commencement of the suit, and not having made any other statement or declaration from which a forfeiture could be inferred, it follows, then, that at the time this tender of the interest was made, if the same was a valid tender, that no legal declaration of a forfeiture had been made, and that this action cannot be maintained. (*Sykes v. Arne* (Cal.), 47 Pac. 868; *Matzger v. Page, supra; Patten v. Pepper Hotel Co.*, 153 Cal. 460, 96 Pac. 296.)

Even if the commencement of this action constituted a declaration of forfeiture, then this forfeiture was waived by Mr. Mullen. (*Insurance Co. v. Norton*, 96 U. S. 234, 24 L. ed. 689; *Bell v. San Francisco Sav. Union*, 163 Cal. 64, 94 Pac. 226; *Knarston v. Manhattan Life Ins. Co.*, 124 Cal. 74, 56 Pac. 773; *Cladius v. Amusement Co.*, 109 Mo. App. 346, 84 S. W. 354; *Clark v. West*, 193 N. Y. 349, 86 N. E. 5; *Rausch v. Hanson* (S. D.), 128 N. W. 611; *Ver Planck v. Godfrey*, 58 N. Y. Supp. 784; *Hewitt v. Dean*, 91 Cal. 5, 27 Pac. 424; *Jacobs v. Swift*, 8 Kan. App. 857, 56 Pac. 1127.)

The check of the trustee for the interest due January 1, 1911, was a good tender to the plaintiff, as the latter made no objection on the ground that the tender was by check, or that a forfeiture had been declared. (*Kollitz v. Fire Ins. Co.*, 92 Minn. 234, 99 N. W. 892; *Bonaparte v. Thayer*, 95 Md. 548, 52 Atl. 498; *Browning v. Crouse*, 40 Mich. 342; *Gunby v. Ingram* (Wash.), 106 Pac. 496; *Zeimantz v. Blake*, 39 Wash. 6, 80 Pac. 822.)

W. G. Bissell, for Respondent.

"He agreed to pay the whole sum of the principal immediately in case of a failure to pay any instalment of the interest—such a condition is not in the nature of a forfeiture or penalty, but was of the substance of the contract." (*Dean v. Nelson*, 10 Wall. 158, 19 L. ed. 926; *Houston v. Curran*, 101 Ill. App. 203; *Conn. Mut. Life v. Westerhoff*, 58 Neb. 379, 76 Am. St. 101, 78 N. W. 724, 79 N. W. 731; *Swearingen v.*

*Lahner,* 93 Iowa, 147, 57 Am. St. 261, 61 N. W. 431, 26 L. R. A. 765; *Morling v. Bronson,* 37 Neb. 608, 56 N. W. 205; *Eastern Banking Co. v. Seeley,* 55 Neb. 660, 75 N. W. 1102; *Wheeler etc. Mfg. Co. v. Howard,* 28 Fed. 741; *Whitcher v. Webb,* 44 Cal. 127; *Schooley v. Romain,* 31 Md. 574, 100 Am. Dec. 87.)

The failure to pay the interest makes the whole amount of the note due absolutely, at the option of the holder, if he so elects, without any notice from the holder to the payor. (*Whitcher v. Webb, supra.*)

A tender of interest made by the payor to the payee after a suit in foreclosure has been commenced is no bar to plaintiff's right to continue to foreclose. (*Swearingen v. Lahner, supra; Malcolm v. Allen,* 49 N. Y. 448; *Morling v. Bronson,* 37 Neb. 608, 56 N. W. 205.)

SULLIVAN, J.—This action was brought by the respondent to foreclose a mortgage dated July 1, 1909, and executed by the appellant, the Gooding Implement and Hardware Co., a corporation, upon certain town lots in the town of Gooding, to secure the payment of a certain promissory note of same date for $4,000, due in three years after date, with interest at the rate of eight per cent per annum, interest payable semi-annually. The mortgage contained the following provision: ''But in case default be made in the payment of said principal sum, or any part thereof, as provided in said note, or if the interest be not paid as herein specified, that it shall be optional with the said party of the second part, his executors, administrators, or assigns, to consider the whole of said principal sum expressed in said note immediately due and payable, although the time expressed in said note for payment has not yet arrived.''

The interest payment due January 1, 1911, was not paid, as the said implement and hardware company had become insolvent and was unable to pay its debts. However, on the 24th of January, 1911, said implement and hardware company sent its check to the respondent for $160, the semi-annual interest due on January 1, 1911. That check was protested

and not paid for want of funds, and on receipt of the protested check, the respondent forwarded the papers to a party in Gooding, Idaho, with instructions to place the same in an attorney's hands for foreclosure proceedings thereon, which was done, and on February 13th a suit was brought for the foreclosure of said mortgage and the summons issued and served upon the appellant corporation on that date.

It appears that on February 7, 1911, a meeting of the creditors of said corporation was held at the town of Gooding, and said corporation assigned and transferred on that day all of its property, including the property in question, to William Bowen as trustee for the creditors, and said trustee immediately entered into the possession of all the property of said corporation for and in behalf of the creditors. On that day the respondent, who resided in Denver, wrote a letter to the appellant corporation, stating that he had received notice of the protest of said interest check and asked what disposition the company desired to make of it. Said letter was turned over to said trustee and he wrote to the respondent and stated that the estate of the appellant corporation had been turned over to the creditors, and asked that the matter of the protested check be permitted to remain open for ten days and that respondent's claim had been placed among the preferred claims. It appears that there were several communications in the form of letters and telegrams passed between the parties. On February 23d, said trustee wired respondent as follows: "Have you protested check from Gooding? Answer so can remit you to-day." On the same day respondent answered said message as follows: "Protested check returned to Governor Gooding. Forward amount here and I will return check." On the same day, and upon receipt of that telegram, the trustee forwarded his check for $160 to cover the protested check for interest due on mortgage, stating that he did not know the amount of protest fees but would forward same when advised, and also asked respondent to execute duplicate vouchers. Said check was received by respondent on February 25th, but he refused to accept it on the ground that he could not be expected to accept a check on the Gooding

bank, he having had one which had been protested and not paid, and he further informed the trustee that there was accumulated interest on the interest since it became due, also the exchange on check and expenses of wire. He concluded by saying: "However, if you can arrange the matter with the indorser and will reduce the loan to the extent of $2,000, I think I will be able to make satisfactory arrangement with you to continue it." On March 4th the trustee made a tender of $170 in gold to the respondent, which he refused to accept, and on March 7, 1911, the trustee made application to the district court to be permitted to intervene in the foreclosure action, which was granted. The trustee filed an answer, pleading tender, waiver and estoppel. The case was tried by the court and judgment entered against the defendants and the foreclosure of the mortgage ordered. The appeal is from the judgment.

The first assignment of error is that the court had no jurisdiction to enter a personal judgment against the trustee. All of the property of the appellant corporation had been turned over to said trustee, and had the mortgaged property not sold for sufficient to pay the mortgage debt, the judgment creditors would no doubt have had the right to resort to other property in the hands of the trustee. However, it appeared on the argument of the case that the property was sold under said foreclosure proceeding and sold for a sufficient amount to fully satisfy the mortgage debt, so the judgment has already been satisfied against the trustee and no personal judgment has attached, and never could have attached, against him.

It is next contended that the respondent had waived the right to declare the principal debt due on account of the failure to pay the interest due January 1st, 1911, because of the communications had between the trustee and the respondent in regard thereto and the tender of said interest made by the trustee. As shown from the facts above stated, the check which was sent by the appellant corporation to the respondent at Denver to pay said interest was not paid and was protested; that thereafter the creditors of the appellant

corporation met and appointed a trustee to take charge of said property, and he took possession thereof on the 7th of February, 1911. It seems, also, that F. R. Gooding was an indorser on said note, and that after several letters and telegrams had been exchanged between the respondent and the trustee and after suit had been brought on February 13, 1911, to foreclose said mortgage, the respondent notified the trustee that if he could arrange the matter with the indorser on said note and would reduce the loan to the extent of $2,000, he thought he would be able to make satisfactory arrangements to extend the time for the payment of the balance. It seems that this was not done and the trustee was permitted to intervene and answer, and after a trial in the district court the judgment appealed from was entered.

After a careful review of all of the evidence in regard to waiver, tender and estoppel, we are satisfied that it fails to establish either waiver, tender or estoppel. The bringing of the foreclosure suit on February 13, 1911, was an election by the respondent to declare the principal of said note due and payable under the provision above quoted from said mortgage. That stipulation in the mortgage is not in the nature of a forfeiture or penalty, as suggested by counsel, but was a part of the contract and of its substance. (See *Dean v. Nelson,* 10 Wall. 158, 19 L. ed. 926.) It was held in *Houston v. Curran,* 101 Ill. App. 203, that such a provision in a mortgage is a valid and binding part of the contract, and is not objectionable as being in the nature of either a penalty or a forfeiture. The supreme court of Iowa, in passing on a similar question, in *Swearingen v. Lahner,* 93 Iowa, 147, 57 Am. St. 261, 61 N. W. 431, 26 L. R. A. 765, held that a stipulation or option giving a mortgagee a right to begin a foreclosure upon default of the payment of interest is not in the nature of a penalty or forfeiture, but is merely an agreement for the bringing of the note and mortgage to maturity before the time provided for therein, and that no notice other than the bringing of the action is necessary to show that the mortgagee has exercised the option and elected to declare the debt due and payable.

By the bringing of the action the respondent had declared the whole sum of principal and interest due and payable, and thus exercised the option given him by said provision in the mortgage. When respondent advised the trustee that if he could make the proper arrangement with the indorser and reduce the principal sum $2,000, he perhaps had concluded, under the facts, that if he then gave the respondent further time in which to pay said debt it might release the indorser; hence he desired to have that matter arranged with the indorser, which the trustee failed to do.

From the whole record we are satisfied that the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.