Points Decided.

(No. 4825.   November 16, 1927.)

## THE UNION CENTRAL LIFE INSURANCE COMPANY, Respondent, *v.* FRED SHULTZ and HOLD LAND COMPANY, a Corporation, Appellants.

[261 Pac. 235.]

Mortgages — Right of Option to Declare Whole Debt Due — No Waiver for Delay—Refusal to Accept Full Payment, Effect —Foreclosure Action—Sufficiency of Notice.

1. Right of mortgagee to declare whole debt due on failure to pay any instalment of interest due continued as long as default continued, and was not waived by mere delay.

2. Where, by terms of note, maker had privilege of paying one-fifth of principal in any one year at interest date after certain year, payee was under no obligation to accept tender of full amount on interest date, and his refusal to do so could not be construed as waiver of right to exercise option to declare whole amount due on failure to pay instalment of interest so as to thereafter require demand before exercising it.

3. Mortgagors could not complain that mortgagee's attorney exceeded his authority in bringing action for foreclosure of mortgage without notice to mortgagors of mortgagee's exercise of option in mortgage to declare whole sum due on failure to pay interest, contrary to instructions of his client, since, under contract, no such notice was required, and bringing of action was sufficient notice that mortgagees had exercised option.

APPEAL from the District Court of the Seventh Judicial District, for Adams County.   Hon. B. S. Varian, Judge.

Publisher's Note.

1. Delay in declaring note due as affecting acceleration clause in mortgage, see note in 5 A. L. R. 437.  See, also, 29 R. C. L. 908.

2. Failure to pay periodical instalment as making instrument overdue, see notes in 11 Ann. Cas. 42; Ann. Cas. 1912C, 305.

See Mortgages, 41 C. J., sec. 1034, p. 850, n. 48; sec. 1036, p. 852, n. 67; sec. 1040, p. 854, n. 93 New.

Action to foreclose real estate mortgage.    Judgment for plaintiff.    *Affirmed.*

Walter Griffiths, for Appellants.

The right to exercise the option of declaring the whole debt due prior to its maturity date, on account of a failure to make an interest payment when due, must be promptly exercised by plaintiff, and if not exercised promptly, the right is waived, and that a delay of ten months after the last interest payment became due, and was not paid, was not prompt, but was an unreasonable delay, and constituted a waiver of plaintiff's right to exercise an option and declare the whole debt due prior to its maturity date, or only two months before it became due by its express provisions. (*Crossmore v. Page,* 73 Cal. 213, 2 Am. St. 789, 14 Pac. 787; *Radue v. Pauwelyn,* 27 Mont. 68, 69 Pac. 557; *Kinsel v. Ballow,* 151 Cal. 754, 91 Pac. 620; *Kilpatrick v. Germania Life Ins. Co.,* 183 N. Y. 163, 111 Am. St. 722, 75 N. E. 1124, 2 L. R. A., N. S., 574; *Dean v. Applegarth,* 65 Cal. 391, 4 Pac. 375.)

The foreclosure of a mortgage in this state is an equitable proceeding, and costs are awarded in equitable proceedings by and through an exercise of a sound discretion of the court and not by reason of a legal right based upon a statute requiring costs to be awarded to the successful party. (C. S., sec. 6949; *Schmelzel v. Board of County Commrs.,* 16 Ida. 32, 133 Am. St. 89, 17 Ann. Cas. 1226, 100 Pac. 106, 21 L. R. A., N. S., 199; 15 C. J., 21 and 23.)

Hugh E. McElroy, for Respondent.

Plaintiff denies that mere delay in exercising the option to declare the whole debt due constitutes a waiver of the option.    The defense of waiver must be made by answer alleging facts as waiver or estoppel, under which the mortgagor was injured by the delay.    We cite the following cases holding against waiver by mere lapse of time and the right of appellant to have the question decided arbitrarily as a

question of law: *Wheeler & Wilson Mfg. Co. v. Howard,* 28 Fed. 741; *Kansas Loan & Trust Co. v. Gill,* 2 Kan. App. 488, 43 Pac. 991; *Farnsworth v. Hoover,* 66 Ark. 367, 50 S. W. 865; *Washburn v. Williams,* 10 Colo. App. 153, 50 Pac. 223; *Atkinson v. Walton,* 162 Pa. 219, 29 Atl. 898; *Swearingen v. Lahner,* 93 Iowa, 147, 57 Am. St. 261, 61 N. W. 431, 26 L. R. A. 765; *Mullen v. Gooding Imp. & Hdw. Co.,* 20 Ida. 348, 118 Pac. 666.

BABCOCK, Commissioner.—This action was brought by the respondent for the foreclosure of a real estate mortgage upon lands situated in Adams county. The questions calling for determination rest upon these facts: On July 18, 1914, appellant, Fred Shultz, executed and delivered to the respondent his principal promissory note for $300, payable to the order of the respondent, due on July 1, 1925, with interest thereon at the rate of ten per cent per annum from the date of said note, payable annually on the first day of July of each and every year thereafter, said interest payments being evidenced by coupon notes, numbered from 1 to 11, inclusive; and on the same day executed a mortgage upon lands in Adams county to secure the payment of said notes. It was provided in the principal note that the same was executed upon the condition that partial payments in any amount not exceeding one-fifth of the principal in any one year would be accepted at any interest-paying date after July 1, 1916; and in both the note and mortgage it was provided that upon the failure to pay any instalment of interest when due, the whole debt as evidenced by said note and secured by the mortgage should become due at the option of the holder of the note, at once, without notice.

In the plaintiff's complaint, filed on April 25, 1925, it asks for foreclosure of the mortgage, alleging default in the payment of interest instalments of $30 each, due and payable July 1, 1923, and July 1, 1924, and sets up the foregoing stipulation in the mortgage and the exercise of its option to declare the amount secured by the mortgage due, and asks judgment for the amount of principal and interest on said notes and $75 attorney's fees.

The defendants demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action; that it appeared from the complaint that the action attempted to be set forth therein was prematurely brought, and that no cause of action had accrued at the time of the filing of the complaint.

The demurrer being overruled by the court, defendants filed their answer, which admits the execution and delivery of the notes and mortgage, and default in the payment of the interest instalments as alleged in the complaint, but denies that by reason of such default the mortgage was subject to foreclosure; denies that the debt secured by the mortgage was due at the time the action was commenced; denies that the plaintiff had at any time declared the note due; and alleges that the said note did not express the agreement between plaintiff and defendants; that by agreement between the parties, Fred Shultz was given the right to pay the whole or any part of the principal of the note at any time after July 1, 1916; and alleges that, in compliance with said agreement, on June 11, 1923, the defendants offered in writing to pay plaintiff $330, the total amount of principal and interest then due on the note, and that plaintiff refused to accept said payment and refused to return the note and the mortgage securing the same, and demanded the sum of $490 as a condition to the surrender and cancelation of said note and mortgage. The answer further alleges that defendants have been at all times since and now are ready, able and willing to pay the sum so tendered in discharge of said indebtedness, and tender the same into court; and defendants also deny that plaintiff is entitled to an attorney's fee in the case.

The case was tried to the court. Defendant objected to the introduction of any evidence on the part of the plaintiff on the ground that the complaint did not state a cause of action. The objection was overruled. At the close of the testimony of plaintiff, defendants moved for a nonsuit, which was denied; whereupon the defendants introduced their evidence and the case was submitted to the court, who made findings of fact and conclusions of law, and entered

judgment in favor of the plaintiff and against the defendants for the amount of the principal and interest on the note and $75 attorney's fees, from which judgment this appeal is taken.

The appellants assign as error the order of the court overruling defendants' demurrer to the complaint, the overruling of defendants' objection to the introduction of evidence, and the denying of defendants' motion for nonsuit; and also, the making of findings of fact and conclusions of law, and the entering of judgment in favor of plaintiff in the sum of $449.45.

[1] It is the contention of the appellants that the right of the respondent to exercise its option to declare the whole debt due for failure to make interest payments due July 1, 1923, and July 1, 1924, should have been exercised promptly, and that a failure so to do until ten months after the last interest payment became due was an unreasonable delay in the exercise of the option contained in the note and mortgage, and constituted a waiver of such right; and also, that the appellants had a right to pay and discharge the debt in June, 1923, by paying the sum of $330, and that their tender of that amount on June 11, 1923, and respondent's refusal to accept such tender and discharge the indebtedness constituted a waiver of its option to thereafter declare said debt due on July 1, 1923, for nonpayment of interest due on that date, and that such option could not at any time thereafter be exercised by the respondents for failure to make interest payments when due without giving notice to appellants. It is further contended that the attorney for the respondent exceeded his authority in bringing suit without notifying the defendants as directed by respondent's letter to him in that regard.

In support of their contention that the respondent had waived its right to declare the whole debt due by reason of lapse of time, counsel for appellants cite a number of authorities, relying principally upon the case of *Grossmore v. Page*, 73 Cal. 213, 2 Am. St. 789, 14 Pac. 787, which appears to be the earliest decision on the question. In fact,

this case seems to have furnished a precedent which has caused a discussion of the question in a number of courts.

In that case, the provision of the note was that if the interest was not paid when due, the note should immediately become due at the option of the holder thereof, and the court held that the note became due immediately upon the default in the interest payment, at the option of the holder, which was to be exercised within a reasonable time. In other words, the holder must make his decision practically at the time of default.

In the case of *Kansas Loan & Trust Co. v. Gill,* 2 Kan. App. 488, 43 Pac. 991, the court, in discussing the case, used the following language:

"The specific objection which is made to the petition is that, because of the delay of the plaintiff to exercise its option to declare the whole sum due within a reasonable time after the last default in the payment of interest, it must be deemed to have waived such right on account of any default preceding the commencement of the action. Did the petition state a cause of action? *Crossmore v. Page,* 73 Cal. 213 [2 Am. St. 789] 14 Pac. 787, is cited as the principal authority relied upon for this ruling. The construction which the supreme court of California put upon the contract before it in that case does not seem a reasonable one, and what is said by the court as to the legal effect of the delay is much weakened by subsequent decisions of the same court. *Hewitt v. Dean,* 91 Cal. 5, 27 Pac. 423; *Fletcher v. Dennison,* 101 Cal. 292, 35 Pac. 868. . . . . The rights of the parties in this case grow out of a contract which they voluntarily entered into. It is not like a case of forfeiture, where the party who exercises the option may derive large benefits from it. Forfeitures are not favored by the courts, and slight circumstances may often be seized upon to avoid them. . . . . The exercise of the option does not affect the rights of the parties in any manner, except merely as to the time of payment. The agreement of the mortgagor to pay the interest at stated times is a continuing obligation, which can be discharged, within the terms of the contract, only by actual payment. . . . . The reason for giving the

option has not necessarily lost any of its force by the delay, and the right to exercise it should be secured as long as the reason exists.  If by reason of the delay, the plaintiff should gain any advantage, or the defendant should suffer any detriment or loss, other consideration would enter into the case, and it might then be said that there was a waiver. In this case, nothing of the kind is claimed."

In *Coeur d'Alene v. Spokane etc. R. R. Co.,* 31 Ida. 160, 169 Pac. 930, this court held:

"In order to establish waiver the intention to waive must clearly appear, and it will not be presumed or implied contrary to the intention of the party whose rights would be injuriously affected thereby unless, by his conduct, the opposite party was misled to his prejudice into the honest belief that such waiver was intended or consented to."

To the same effect see: *Neitzel v. Lawrence,* 40 Ida. 26, 231 Pac. 423; 27 R. C. L. 908, sec. 5.

The allegations of the complaint show that the appellants had made default in payment of interest instalments to the prejudice of the respondent, and were continuing so to do up to the time the respondent brought the action.  We conclude that the right of the respondent to exercise its option to declare the whole debt due continued as long as the default continued, and was not waived by mere delay; and that the court did not err in overruling the demurrer to the complaint, or the objection to the introduction of evidence in support of the allegation thereof.

[2]   As to appellants' second contention, that the tender made in June, 1923, of the amount of the principal of the note and interest up to July 1, 1923, and the refusal of the respondent to accept the same and discharge the indebtedness, constituted a waiver of the right thereafter to exercise its option except upon demand, it will be observed that by the terms of the note the appellant, Shultz, was given the privilege of paying one-fifth of the principal in any one year at any interest-paying time after July 1, 1916; there was no privilege given either in the note or mortgage, to pay the entire sum at any one time except at maturity, and

there is no evidence in the record that the respondent at any time subsequent to the execution of the note and mortgage ever granted such privilege, or in any manner modified the original contract in that respect. The respondent was under no obligation to accept such tender and his refusal so to do cannot be construed as a waiver of its right, or modification of the contract, so as to thereafter require a demand before exercising it.

The appellants set up no other matters in their answer relied upon by them as constituting a waiver on the part of the respondent of its right to exercise its option. There is nothing in the record to show that the respondent gained any advantage by reason of the delay, or that the appellants were in any way misled to their injury thereby.

[3] Whether or not the attorney for the respondent exceeded his authority in bringing the action for the foreclosure of the mortgage without notice to the appellants contrary to the instructions of his client, we do not consider to be a matter of which the appellants can complain, since it could in no way change or alter the contract between the respondent and the appellants. Under the contract, no special notice was required; the bringing of the action was sufficient notice that the respondent had exercised its option to declare the whole sum due. (*Mullen v. Gooding etc. Hdw. Co.*, 20 Ida. 348, 118 Pac. 666.)

The remaining assignments, that the court erred in denying appellants' motion for nonsuit and in making findings of fact and conclusions of law and entering judgment in favor of the respondent, raise the same questions as have already been discussed, and determined adversely to appellants, in considering the other assignments. It follows that the court committed no error in regard to the same.

We recommend that the judgment be affirmed, with costs to the respondent.

Featherstone and Adair, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court. The judgment is affirmed, with costs to the respondent.