(54 Misc. Rep. 124)

## QUACKENBUSH v. MAPES et al.

(Supreme Court, Special Term, New York County. April, 1907.)

1. MORTGAGES—ACTION TO FORECLOSE—BURDEN OF PROOF—NO CONSIDERATION.
    Where, in an action to foreclose a mortgage, the mortgagor alleges that the same was executed without consideration, the burden is on him to overcome the presumption of consideration raised by the seal on the mortgage.

2. SAME—LIMITATION OF ACTIONS—PROVISIONS FOR BENEFIT OF MORTGAGEE.
    A provision in a mortgage that upon default in the payment of interest the whole amount should become due immediately, at the option of the mortgagee, is for the benefit of the mortgagee, and cannot be taken advantage of by the mortgagor to set the statute of limitations running.

Action to foreclose mortgages by Abraham Quackenbush against Daniel Mapes, Jr., and others. Judgment for plaintiff.

George B. Boyd (Charles N. Morgan, of counsel), for plaintiff.
C. W. H. Arnold, for defendants.

LEVENTRITT, J. In these actions to foreclose mortgages two defenses are urged: (1) Want of consideration; and (2) the statute of limitations. In support of the first the defendants contend and attempt to prove that the mortgages were executed and delivered, with others, to the mortgagee, plaintiff's assignor, by the mortgagor, as instruments of accommodation, in order to enable the former to procure funds looking to the improvement of the mortgaged premises, pursuant to certain agreements between plaintiff's assignor and the mortgagor's father, a former owner. The burden which the defendants have assumed is that of overcoming by proof the presumption of consideration created by the seals of the mortgages. Four mortgages were executed to plaintiff's assignor, as defendants contend, in furtherance of the objects sought to be accomplished by the agreements mentioned. Two of these have been paid. Letters from the plaintiff's assignor to the mortgagor establish the fact that the former made advances from time to time of considerable sums of money. These facts are strongly indicative of ample consideration, and they are not controverted by the terms of the agreement relied upon, nor by any of the evidence adduced.

To sustain the defense of the statute of limitations the defendants contend that, although the mortgages bear date June 1, 1883, and were payable June 1, 1886, the mortgagor's default in the payment of the first installment of interest on December 1, 1883, and for 30 days thereafter, set the statute in operation from January 1, 1884, and that, therefore, these actions, commenced in 1906, are barred. Each of the mortgages contained a clause which provided that, in the event of a default in the payment of any interest, tax, or assessment, the principal sum, "with all arrearage of interest thereon, shall at the option of the said party of the second part, his executors, administrators, or assigns, become and be due and payable immediately thereafter." Clauses of this character are solely for the benefit of the mortgagee. They cannot be taken advantage of by the mortgagor, either to permit him to pay the mortgage debt or to set the statute of limitations

running against the mortgagee as to the principal of the mortgage. Jones, Mort. § 1210; Thomas, Mort. § 229. While there is no direct adjudication of the question in this state, authority in support of the conclusion stated is found in other jurisdictions, where the statute of limitations upon this subject corresponds substantially with our own. First Nat. Bank v. Parker, 28 Wash. 234, 237, 68 Pac. 756, 92 Am. St. Rep. 828; Capehart v. Dettrick, 91 N. C. 344; Richardson v. Warner (C. C.) 28 Fed. 343. The mortgagee, in the exercise of his option, may foreclose, or, as in the case at bar, he may waive the default and continue the mortgage to maturity. If, as the defendants maintain, the plaintiff's assignor was interested in the development of the premises in question, it is not unreasonable to assume that, while advancing money for improvements, he would forbear taking advantage of his security.

The defendants have failed to sustain the burden resting upon them, and there must be judgment for the plaintiff.