CENTRAL TRUST AND SAVINGS COMPANY *v.* KIRKMAN ET AL.

[No. 10,338. Filed May 25, 1920. Rehearing denied October 7, 1920.]

1. MORTGAGES. — *Actions to Foreclose.* — *Note and Mortgage When Construed Together.*—Where a note and a mortgage securing same were executed by the same parties at the same time and pertain to the same subject-matter, they will be read and construed together in an action to foreclose the mortgage, where both instruments are involved. p. 634.

2. LIMITATION OF ACTIONS. — *Debt Payable in Installments.* — *When Statute Begins to Run.*—Where a mortgage indebtedness was payable in installments, the whole debt to be due, at the option of mortgagee, in case of default for three months, but such option was not exercised, limitations ran as to each installment from the time it fell due.  p. 635.

3. LIMITATION OF ACTIONS.—*Acknowledgment of Indebtedness Not Made to Creditor.—Effect.*—Affidavits of the mortgagor reciting the mortgage indebtedness for the purpose of obtaining a deduction from the assessed valuation of the real estate do not constitute a sufficient acknowledgment to the debtor to take the debt out of the operation of the statute of limitations. p. 635.

4. MORTGAGES. — *Actions to Foreclose.* — *Deeds by Mortgagor Without Consideration Ineffective Against Mortgagee.*—Conveyances executed by the mortgagor to a third person and by such third person to one of the defendants without consideration may be good as between the parties but are without force as to the mortgagee.  p. 636.

. From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by the Central Trust and Savings Company against Mary E. Kirkman and others.  From a judgment for defendants, the plaintiff appeals.  *Reversed.*

*James T. Cutler, Charles O. Baltzell* and *Robert C. Baltzell,* for appellant.

*Lucius C. Embree* and *Morton C. Embree,* for appellees.

NICHOLS, J.—Action by appellant against appellees to foreclose a mortgage.  Appellees contend that the action was upon a promissory note, and to foreclose the mortgage securing the same, the foreclosure of the mortgage being merely incident to the main action, but for the purposes of this decision, as we view the case, it can make but little difference.  Both instruments are involved, and as they are executed by the same parties, at the same time, and pertain to the same subject-matter, they will therefore be read together, and

construed with reference to each other for the purpose of determining the question presented.   13 C. J. 528.

The note and mortgage were executed April 2, 1906, for $600, payable at the rate of $7.20 per month on the principal, and in addition, interest and premium.

2. By these terms, eighty-three monthly payments were required to pay the debt, the last coming due March 2, 1913.   Appellee Kirkman made five payments, the last being on December 30, 1906.   Nothing was paid thereafter, except $24.10, in redemption from tax sale, which was paid August 1, 1914.   The mortgage provides that failure to pay for three months from the time the payments become due shall make the whole debt due *at the option of the mortgagee.*   There is no averment that this option was ever exercised.   Appellees Kirkman and Jordan each, by a third paragraph of answer, answered the ten-years' statute of limitation. To these answers appellant separately demurred, which demurrers were overruled.   These rulings were error. As the debt was payable in installments, the statute commenced to run as to each installment when it fell due.   25 Cyc 1106.   The installments of the debt falling due within the ten years preceding the commencement of this action were not barred.   The demurrers should have been sustained to each of the third paragraphs of answer.

At the trial of the cause two affidavits were introduced in evidence, both made by appellee Kirkman— one in 1909 and one in 1912—in each of which

3. affidavits it is stated that the mortgage indebtedness involved in this action was, at the time such affidavit was made, an actual *bona fide* mortgage indebtedness against the real estate involved in this action.   It is stated in each of such affidavits that it was made for the purpose of having such mortgage indebtedness deducted from the assessed valuation of said real estate.

Appellant contends that these affidavits constituted a sufficient acknowledgment of the debt to take the case out of the operation of the statute of limitations. But a contrary doctrine is held in Indiana. See *Niblack, Admr.,* v. *Goodman* (1879), 67 Ind. 174, 183. This case seems to be in harmony with the weight of authority. 25 Cyc 1362.

Two deeds were put in evidence, the first showing a conveyance from appellee Kirkman to her aunt, Martha Wyant, and the second from such aunt to appellee Jordan. It is apparent from the record that each of these deeds was executed without consideration, and, while they may be good as between the parties, they are without force as against appellant. We understand from the statements made in oral argument that appellee Jordan is not claiming any defense that is not available to appellee Kirkman.

Other errors are presented which we do not deem necessary to consider. The judgment is reversed, with instructions to the trial court to sustain the demurrers to the third paragraphs of answer, and for further proceedings in harmony with this opinion.