### UNION CENTRAL LIFE INS. CO. v. ADAMS et al.

No. 22885.   Nov. 27, 1934.

R. W. Kellough, Robert Booth Kellough, and Garland Keeling, for plaintiff in error.

Ferrell Martin, for defendants in error.

PER CURIAM. The Union Central Life Insurance Company filed this action on May 2, 1925, to foreclose a real estate mortgage. The note and mortgage were executed by George W. Adams and Minnie E. Adams on May 4, 1910. The principal note and the last interest coupon note matured on May 4, 1920. The first default made was the failure to pay the interest installment due on January 1, 1919, together with taxes. On October 10, 1919, plaintiff wrote H. B. Martin, who had purchased the land, the following letter, omitting formal parts:

"My attention is again directed to the fact that the interest installment of $56, which matured on January 1, 1919, under the Adams loan, the security in which it is reported is now owned by you, is still unpaid, as also the taxes advanced by the company in the sum of $37.05 under date of February 6, 1919.

"I cannot see my way clear to permit this matter to drag indefinitely in its present condition. Unless, therefore, there is received at this office on or before the 30th inst. a remittance in payment of the above-mentioned items, with 10% on the interest installment from January 1, 1919, until paid here, and 10% on the taxes from February 8, 1919, until paid here, with 25c for expenses, the papers will on that date be forwarded to our local attorney with instructions to file suit for foreclosure of the mortgage for collection of the entire debt.

"I trust you will see that it is to your interest to arrange settlement of these delinquent items before papers go into the hands of attorney."

At the bottom of the letter was written the word, "ultimatum."

The amounts requested were not paid and nothing was done by the plaintiff to enforce collection until this foreclosure action was filed on May 2, 1925. In the meantime, and in November, 1922, plaintiff paid the taxes for 1918, 1919, and in October, 1923, for the year 1920.

The note contained the following:

"If any installment of interest is not paid at maturity, this principal note and all interest accrued thereon shall become due and payable at once without notice, at the option of the holder of this note."

The mortgage contained the following provision:

"Fifth: They further agree, that if any of said notes shall not be paid or there is failure to pay any notes given as evidence of interest or any extension of the time of payment of the debt herein secured, when the same shall be due, or to conform to or comply with any of the foregoing covenants or agreements, the whole sum of money herein secured shall thereupon become due and payable at the option of the second party without notice and this mortgage may be foreclosed."

The foreclosure was resisted by George W. Adams and H. B. Martin on the grounds, among others, that it was barred by the statute of limitation, contending that by its letter of October 10, 1919, the plaintiff had elected to declare the entire debt due and that the statute of limitation began to run on said date. Judgment was entered in favor of the defendants and denying plaintiff judgment on its notes and foreclosure of its mortgage.

Is the above letter sufficient to constitute an exercise of the option to declare the entire debt due so as to start the running of the statute of limitation?

1. A provision in a note and mortgage that, if the mortgagor shall fail to perform any of the conditions therein, such failure to make due and prompt payment of any installment, or part of the principal or interest, or neglect to pay taxes, the entire principal sum shall become due and payable at the option of the mortgagee, is a legal and valid provision. Such a provision for acceleration is permissive only and not self-executing; it makes the whole debt due and collectible only in case the mortgagee elects to exercise the option. 41 C. J. 413-414, 850; 19 R. C. L. 493-494, 496-497; Bollenbach v. Ludlum, 84 Okla. 14, 201 P. 982; Damet et al. v. Aetna Life Insurance Co., 72 Okla. 122, 179 P. 760; Moorehead v. Hungerford (Neb.) 193 N. W. 706.

2. Where the note and mortgage provides for acceleration, the statute of limitation does not begin to run from date of partial default, but only from the maturity of the full principal or of the last installment of the principal, unless the creditor elects to declare the whole amount due. 19 R. C. L. 499; 41 C. J. 871.

In the case of Twin Falls Oakley Land & Water Co. v. Martens, 271 F. 428, the rule is stated as follows:

"The statute of limitations does not run from the date of default in payment of an installment, but from the date the last installment becomes due, and a provision authorizing the creditor to declare the entire sum due for default in any payment is a mere option, which, unless exercised, does not set the statute in motion."

To the same effect see McCarty et al. v. Goodsman et al. (N. D.) 167 N. W. 503; Keene Five-Cent Sav. Bank v. Reid (C. C. A. 8th Circuit) 123 F. 221.

The rule is stated in the case of Core v. Smith, 23 Okla. 909, 102 P. 114 as follows:

"With reference to the provision contained in the mortgage that, upon nonpayment of the debt or interest and taxes when due, the whole shall become due and payable, the weight of authority is to the effect that it is solely for the benefit of the creditor, who may enforce it or not at his option or election, whether it is so expressly stated or not, and that said default is not, one of which the debtor can take advantage to start the running of the statute."

Again, in the case of Weinberg v. Naher et al. (Wash.) 99 P. 736, the rule is stated as follows:

"Where a mortgage note stipulates that,

574

on default in payment of interest, the whole debt shall become due at the option of the holder, the debt does not become due unless the option is exercised by affirmative act brought to the notice of the mortgagor. * * *

"An unexercised right to declare the whole mortgage debt due on default in payment of interest does not mature the debt for the purpose of starting the running of the statute of limitations."

3. The exercise of an option to accelerate maturity of a note should be in a manner clear and unequivocal so as to leave no doubt as to the holder's intention. Such an intention may be evidenced by declarations, but to be effective the declaration must be followed by an affirmative act towards enforcing the declared intention. 19 R. C. L. 498; 41 C. J. 851.

In the case of City National Bank of Corpus Christi v. Pope (Tex. Civ. App.) 260 S. W. 903, the trial court held that a letter written by the bank to Pope was sufficient to constitute an election, and denied the bank a recovery on the grounds that its cause of action was thereby barred by limitation. The contents of the letter are not set out in the opinion, but the Court of Civil Appeals of Texas held that it was insufficient and reversed and remanded the case for new trial. From the opinion it is said:

"The court found as a fact that because of default in partial payments, the bank, on December 8, 1917, exercised its option to mature the entire obligation. This finding is based alone upon a letter written by the bank on said date to Pope and others obligated with him, and set out in the findings. The court held as a matter of law that in so exercising its option to mature the whole obligation, the bank's cause of action at that time fully accrued, and that, as it did not institute suit until more than four years later, the cause was barred by the appropriate statute. There is some doubt as to whether or not the letter mentioned was sufficient to constitute an effective election on the part of the holder to exercise his option to mature the whole obligation; ordinarily, the exercise of such a drastic option, or remedy, should be done in a manner clear and unequivocal, so as to leave no doubt of the intention of the holder, and the letter here involved is perhaps too vague to be given the effect appellee claims for it. * * *

"The holder had the right of election as between the exercise, or nonexercise, of the option to mature the entire obligation. His intention to mature may be evidenced by declarations, but this declaration alone does not amount to an election, for, to be effective as such, it must be followed by af-

firmative action towards enforcing the declared intention. * * *

"For these reasons we think the court erred in holding that limitation began to run when the letter in question was written to the makers and sureties, and that for that reason the cause was barred."

In the case of Weinberg v. Naher, supra, the court had under consideration the effect of two letters which are set out in the opinion. It was held that said letters amounted to an exercise of the option to declare the entire amount due, and judgment was rendered in favor of the mortgagee for the principal amount of the loan.

On appeal the case was reversed on the ground that although default had been made in the payment of the installment note for interest, the debtor, Naher, tendered payment of said overdue interest, before the option had been exercised and foreclosure action filed, and for the further reason that the letters in question did not amount to the exercise of the mortgagee's option to declare the whole debt due on default in payment of interest. From the opinion it is said:

"The letters of June 30 and August 1, 1907, do not amount to such an election. The language of the first is that the loan will be called in if the mortgagor does not before the end of the week make the insurance policy on the property payable to the mortgagee; and the second is that the mortgagee will insist on an insurance policy or call in the loan. These letters but threaten an exercise of the option, and are evidently made for the purpose of procuring additional security for the loan. They do not amount to actual call of the loan or to an exercise of the option."

In the case of Albertina Realty Co. v. Rosbro Realty Corporation, 258 N. Y. 472, 180 N. E. 176, the mortgage contained an acceleration clause similar to the one involved herein. An installment of principal became due on July 15, 1930. On July 18th, the plaintiff filed in the office of the county clerk a summons and verified complaint and a lis pendens in an action to foreclose a mortgage. The complaint alleged the default in payment of the installment of principal, and stated that the plaintiff elected to declare that the entire balance of principal remaining unpaid should immediately become due and payable. Three days later, on July 21st, the owner of the premises in question tendered to the plaintiff the amount of the installment of principal which became due on July 15th. The plaintiff declined to accept the tender upon the ground that it had elected to declare

due the whole amount due on the mortgage, and had turned the matter over to its attorney, and had filed foreclosure action thereon. At the time of the tender, service of summons had not been had on the defendant. Judgment was rendered in favor of the plaintiff foreclosing its mortgage, and said case was affirmed on appeal. From the opinion it is said:

"The fact of election should not be confused with the notice of manifestation of such election. The complaint recited that the plaintiff had elected. The mere fact that before the summons could be served the defendant made a tender did not as a matter of law destroy the effect of the sworn statement that plaintiff had elected. Hothorn v. Louis, supra; Pizer v. Herzig, 120 App. Div. 102, 105 N. Y. S. 38; Jones on Mortgage (7th Ed.) sec. 1182."

The letter of October 10, 1919, contained no language that can be construed as amounting to a clear and unequivocal exercise of the option to accelerate the maturity date of the principal note. The language employed is that the creditor cannot see his way clear to permit the matter to drag indefinitely in its present condition, and that unless payment of delinquent items is made on or before the 30th, the papers will on that date be forwarded to our local attorney with instructions to file suit for foreclosure of the mortgage for collection of the entire debt. There is no present definite exercise of the option, but a mere threat that unless the delinquent items were paid by a certain date, the option would be exercised at that time by placing the note and mortgage in the hands of an attorney, with instructions to file foreclosure action for the entire debt. A notice of intention to exercise the option in order to be effective must be followed by some affirmative act towards the enforcing of the declared intention. No affirmative acts, such as placing the note and mortgage in the hands of the attorney with instructions to file suit, was shown. It is contended that although the letter might not amount to an exercise of the option, by placing the word "ultimatum" at the bottom thereof the necessary element of finality was added. We do not think so. The word must be considered in connection with the contents of the letter, and its only effect is to add emphasis to what is stated in the body of the letter.

Reference to provisions of the note and mortgage discloses that it was not necessary to give notice of the exercise of the option. The authorities universally hold, in the absence of stipulation requiring notice, that the commencement of a suit for the foreclosure of the entire mortgage is a sufficient declaration of the mortgagee's intention, and is all the notice to which the mortgagor is entitled. 41 C. J. 852.

Therefore no demand or notice was necessary to enable plaintiff to elect to exercise its right to declare the whole amount due. A mere threat to file suit at some future date for the entire amount, unaccompanied by a definite declaration that the mortgagee had elected to declare the whole sum due, does not amount to an exercise of the option. Such statements and threats leave something else to be done before it can be said that there has been an actual exercise of the option. The trial court committed error in holding that said letter constituted an exercise of an option and invoked the running of the statutes of limitation.

Since we have reached this conclusion, it is unnecessary to dispose of the second and remaining assignment of error, and determine whether it is necessary to communicate the notice of election to the mortgagors and the parties who were liable on the note. In this case the letter was addressed to H. B. Martin, who bought said lands subject to the mortgage, but did not assume and agree to pay the note.

Complaint is also made that, even though it be determined that plaintiff is entitled to judgment on the note, foreclosure of the mortgage should be denied. This for the reason that after the mortgage was executed, one Dilsey Harris, the allottee of the south 30 acres of the 40-acre tract covered by the mortgage, brought suit for cancellation of her deed to the International Land Company, who later conveyed to George W. Adams, the mortgagor. George W. Adams and H. B. Martin were defendants in said action, but the Union Central Life Insurance Company was not made a defendant. The trial court refused to vacate said conveyance, but said case was reversed by this court on appeal, and said deed was canceled for the reason that said allottee was entirely without understanding. See Harris v.. International Land Co., 89 Okla. 163, 213 P. 845.

The fact that the title of the mortgagor to a portion of the land was held defective is no reason for denying foreclosure of the mortgage on the remaining 10 acres of the security. The letter in question did not serve to start the running of the appropriate five-year statute of limitation, and this cause was not barred at the time it was filed.

No contention is made that the defend-

ant H. B. Martin is liable on the note, and, since the amount due thereon is not in dispute, the judgment of the trial court is reversed, and this case is remanded, with instructions to render judgment in favor of plaintiff.

The Supreme Court acknowledges the aid of Attorneys Joe Curtis, R. E. Bowling, and Roy Glasco, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Curtis, and approved by Mr. Bowling and Mr. Glasco, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.