(No. 6486.   December 21, 1937.)

THE UNION CENTRAL LIFE INSURANCE COMPANY, Respondent, v. JOHN E. KEITH and BLANCHE B. KEITH, Husband and Wife et al., Appellants.

[74 Pac. (2d) 699.]

James S. Bogard and Paris Martin, Jr., for Appellants.

McElroy & Chalfant, for Respondent.

AILSHIE, J.—This is an action to foreclose a mortgage. In 1921 appellants were the owners and in possession of certain property in Owyhee county, comprising about 429 acres. November 7th respondent loaned them the principal sum of

$12,000, to bear interest at 9 per cent per annum, appellants executing and delivering to respondent a series of 21 promissory notes; the first note for $791.80, payable August 1, 1922; the remaining 20 notes, each for $1314.57, falling due on the same date in each of the succeeding years. To secure these notes a mortgage was executed by appellants, which contained the following acceleration clause:

"Also that the failure to pay when due any sum herein covenanted to be paid, or the failure to comply with any one of the agreements hereof, . . . . shall cause the whole debt to become due and payable, at the option of the said mortgagee, or the then legal holder of said indebtedness, without notice."

It is admitted that notes numbered 1 to 8, both inclusive, were paid; notes numbered 9 to 15, inclusive, had matured and not been paid at the time this action was commenced and the other six notes had not matured. Respondent commenced this action in foreclosure, alleging its election to declare the whole indebtedness secured by the mortgage due and praying for a decree foreclosing on the security.

Appellants by demurrer plead the statute of limitations as against the whole indebtedness. The trial court sustained the demurrer as to notes 9 and 10 and overruled the same as to all the rest of the notes.

Before passing to the further consideration of this question, we wish to make it plain that, in discussing the issue of the statute of limitations as having arisen on demurrer, we should not be understood as sanctioning the procedure by which the issue was raised. A general demurrer is either good as to the whole cause of action or is not good at all. The practice of sustaining a demurrer to a part of a cause of action is not authorized by the statute and has been disproved by repeated decisions. (Sec. 5–607, I. C. A.; 49 C. J., p. 426, sec. 538; *First Bank of Homedale v. McNally,* 42 Ida. 443, 246 Pac. 5; *McLeod v. Rogers,* 28 Ida. 412, 154 Pac. 970; *Bonham Nat. Bank of Fairbury v. Grimes Pass Placer Min. Co.,* 18 Ida. 629, 111 Pac. 1078; *Jones v. Moss,* 28 Ida. 245, 153 Pac. 249.) Since respondent has not appealed and makes no complaint of the ruling of the court in sustaining the

demurrer to installments 9 and 10, there is nothing before us on which to pass in that respect.

Appellants contended that, when respondent elected to declare the whole indebtedness due under the acceleration clause contained in the mortgage, the election took effect as of the date of the *first default* in the payment of an installment note, and that the statute began to run against the whole indebtedness from that date; and that consequently the entire indebtedness was barred by the statute of limitations. (Sec. 5–216, I. C. A.) The effect of respondent's election declaring the whole debt due is the issue before us now.

██ It will be noted from the acceleration clause contained in the mortgage that it became active and operative only "at the option of the said mortgagee, or the then legal holder of said indebtedness." In other words, it is not an unqualified or positive self-operative maturity declaration. It is optional only and the election must be by the mortgagee, or holder of the indebtedness, at the time the privilege is exercised.

It will be noted that installments 9 and 10 had already become due, under the terms of the contract, six (1930) and five (1931) years, respectively, prior to the commencement of the action, so that no election was necessary to maintain the action on these obligations. The statute had run against them. On the other hand, the commencement of the suit for the foreclosure of the mortgage on the entire indebtedness was itself an election as to all indebtedness which had not become due as shown on the face of the installment notes. (*Union Central L. Ins. Co. v. Shultz,* 45 Ida. 185, 261 Pac. 235; *Mullen v. Gooding Implement & Hardware Co., Ltd.,* 20 Ida. 348, 118 Pac. 666; *Wienke v. Smith,* 179 Cal. 220, 176 Pac. 42, 44.)

█ The general, and what seems to be the prevailing, rule with reference to the effect of these acceleration clauses, is stated by Wiltsie on Mortgage Foreclosure, fourth edition, at sec. 83, as follows:

"Where the clause for acceleration of maturity of a mortgage upon default in payment of an installment of interest or principal or upon other default provides unconditionally

for the maturity of the entire indebtedness, irrespective of the pleasure or option of the mortgagee, the indebtedness becomes due upon a default of the nature provided for and the statute of limitations runs from such default. But where the acceleration clause gives merely an election or option to the mortgagee, to declare the entire indebtedness due, the statute of limitations does not run as to the entire indebtedness from a default, unless there is an affirmative election by the mortgagee.''

In support of the rule relating to unconditional maturity of entire indebtedness, the author cites *Canadian Birkback Inv. & Sav. Co. v. Williamson*, 32 Ida. 624, 186 Pac. 916. In the latter case this court said:

''Where a contract contains an acceleration clause, positive in its terms and without any optional features in it, a default under said clause renders the entire indebtedness due and the statute of limitations runs from such default.''

The foregoing was quoted with approval by this court in *Perkins v. Swain*, 35 Ida. 485, 207 Pac. 585, 34 A. L. R. 894. After doing so it was there said:

''The question has been re-examined in the light of the very complete citation of authorities furnished in the briefs of counsel for the respective parties. After such examination, the foregoing rule is believed to be correct and is reaffirmed.''

The case under consideration does not fall within the rule stated in *Canadian Birkbeck Inv. & Sav. Co. v. Williamson* and *Perkins v. Swain, supra*. On the other hand, we are here confronted with an *optional* acceleration clause which is treated by Wiltsie in the latter part of the foregoing quotation. In support of that paragraph, the author cites *McCarty v. Goodsman*, 39 N. D. 389, 167 N. W. 503, L. R. A. 1918F, 160, *Quackenbush v. Mapes*, 54 Misc. 124, 105 N. Y. Supp. 654 and *Central Trust & Savings Co. v. Kirkman*, 73 Ind. App. 633, 127 N. E. 452. In *McCarty v. Goodsman* the court was considering an optional acceleration clause and the court said:

''The acceleration clause only gives to the mortgagee a right, upon default in any part, to declare the whole debt due. It is clear that such a provision does not operate auto-

matically to make the whole sum due as a matter of law. It may well be, as contended by counsel, that it is not necessary for the mortgagee to take any affirmative steps whatsoever before bringing an action or initiating foreclosure proceedings, but from this it does not follow that there must not be an exercise of the option before the action or the right to foreclose matures. The bringing of an action is in itself a sufficient declaration that the remainder of the amount claimed is due, but without the bringing of an action and without other evidence of an exercise of the option it cannot be said that a cause of action has accrued. It is one thing to say that the bringing of an action is a sufficient determination of an option to declare the whole sum due, *Doolittle v. Nurnberg,* 27 N. D. 521, 147 N. W. 400, and quite another thing to say that the option must be held to have been exercised in the absence of any evidence whatever of an election.''

*Quackenbush v. Mapes, supra,* also involved an optional acceleration clause and the court held that such provision in a mortgage was made for the benefit of the mortgagee only and cannot be taken advantage of by the mortgagor in order to set the statute of limitations running, the court saying: ''The mortgagee, in the exercise of his option, may foreclose, or, as in the case at bar, he may waive the default and continue the mortgage to maturity.''

In *Central Trust & Savings Co. v. Kirkman,* 73 Ind. App. 633, 127 N. E. 452, an optional clause was considered where the mortgage secured 83 monthly installments and only five had been paid and default was made on the balance. It was contended that the action was barred by the statute but the Supreme Court of Indiana held that:

''The installments of the debt falling due within the ten years preceding the commencement of this action were not barred.''

*Wheeler & Wilson Mfg. Co. v. Howard,* 28 Fed. 741, is a case which touches on this question and has been extensively cited wherever the question has arisen. The opinion in this case was announced by Justice Brewer while on the federal circuit bench in 1886. There the mortgage contained a provision that in case of any default, the entire debt should

become "immediately due at the option of the holder." Justice Brewer held that this stipulation meant "immediately upon or after his [mortgagee's] election" and not immediately upon default, saying: "Such provision was for his [mortgagee's] benefit, and the notes did not immediately become due, but only upon his option, which might be exercised thereafter, and might consequently postpone the maturity of the notes."

Appellants seem to place great reliance on the case of *Lovell v. Goss,* 45 Colo. 304, 101 Pac. 72, 132 Am. St. 184, 22 L. R. A., N. S., 1110, to support their contention that an election to declare the whole indebtedness due dates back to the default rather than from the date of the election. That case does contain some statements which lend support to appellants' contention but what is said in that respect is purely *dicta,* as the case was not decided on that issue. In that case the court was considering an unqualified acceleration clause which read: "default in the payment, or any part thereof, when due, shall cause the whole amount to become due, payable, and recoverable at once." Action was commenced for foreclosure of the mortgage prior to the maturity of the principal notes and the question arose as to whether the statute began to run from the time of the commencement of the action or from the time of the date of the first default. So the question here confronting us was not involved in that case. The court held that the statute ran from the first default.

If the contention of appellants were the law it would never be safe for a creditor to allow any default stipulated against in a mortgage to run the statutory period of limitation after first default. If he should do so he would be obliged, in order to collect anything, to allow it to run until after maturity of the whole indebtedness and would then suffer the risk of losing all installments against which the statute had run.

Judgment is affirmed with costs to respondent.

Morgan, C. J., Holden, Budge and Givens, JJ., concur.