## LOCKWOOD et al. v. CHITWOOD.

No. 28462. Feb. 28, 1939.

Rehearing Denied May 2, 1939.

Grimm, Elliott, Shuttleworth & Ingersoll, J. K. Wright, and Mont R. Powell, for plaintiffs in error.

R. B. McCabe and Everest, McKenzie & Gibbens, for defendant in error.

GIBSON, J. This is an injunction suit by a railway passenger conductor against the local, or general, committee of the Order of Railway Conductors to restrain interference with his seniority rights as such conductor with the O. C., A. & A. Railroad Company at Oklahoma City. The parties will be referred to as they appeared at the trial, or designated by name.

Plaintiff is the senior conductor in the employ of said railroad. After certain trains had been discontinued and resulting changes in schedules made from time to time affecting his so-called run, plaintiff and another conductor were assigned to a certain passenger train making daily trips. The time was divided between said conductors so that the plaintiff was assigned 20 or 21 days each month, depending upon the number of days therein, and the other conductor was assigned the remaining ten days. For some years this assignment or run continued unchanged. Then the railroad company discontinued the train on Sundays, and the defendant Lockwood, as chairman of said local committee, reassigned the two conductors, taking from plaintiff the full number of days lost by discontinuing the Sunday trips, and leaving the other conductor with his original ten days on passenger train and certain freight runs in addition thereto.

Plaintiff charges that under the terms of a certain contract entered into between

the railroad company and the local chapter of the Order of Railway Conductors he has the preferential right as senior conductor to full time on the passenger train run, and that the action of the defendants in assigning him a part-time run was arbitrary, capricious, unlawful, and a direct violation of his fundamental rights as secured to him under said contract.

The defense is that the plaintiff has not been denied his seniority rights, and that he has his choice at all times of the runs or assignments as made up and arranged by the defendant Lockwood as chairman of the local committee of the order; that full power is given said chairman to make assignments or runs for the different conductors by the rules and regulations of said order, and that the plaintiff has no voice in the matter, but is privileged, when said assignments are arranged, to take his choice thereof, and that he has never been denied that privilege. Defendants further pleaded lack of jurisdiction in the courts, and that the aforesaid contract was not for the benefit of the individual employees, but for the benefit of the order alone.

The trial court held that, since the plaintiff for a number of years had continued without objection to work under the assignment whereby he and the other conductor had shared the passenger time, 20 days to the plaintiff per month and ten to his junior conductor, he could not now demand the full time of the passenger run. The court further held that the assignment in question whereby the full loss of mileage occasioned by the discontinuation of the Sunday runs was taken from the plaintiff, and none taken from the junior conductor, was an unjust discrimination against the plaintiff, and defendants were enjoined from enforcing such schedule of employment as to plaintiff, and were ordered to make a new schedule or assignment dividing the loss aforesaid between the two conductors, and giving to the plaintiff not less than 18 days for each calendar month.

Plaintiff has expressed satisfaction with the judgment as a just settlement of the controversy, and defendants appeal, challenging the judgment from the standpoint of the evidence and the application of the law.

Defendants say that the plaintiff failed to show that he had exhausted all remedies afforded him by the statutes and constitution of the order before resorting to the courts, and that the trial court erred in not rendering judgment for defendants by reason thereof. Fish v. Huddell, 51 Fed.2d 319. The general rule would place the foregoing burden upon the plaintiff. 63 C. J. 689, sec. 58. The evidence shows, however, that an appeal to the higher officials of the Order of Railway Conductors would have been a vain and useless undertaking in the instant case. The appellate board or officer had advised plaintiff that his grievance lay wholly within the powers of the local committee. This circumstance would relieve plaintiff of the duty to proceed further in the tribunals of the order.

Contrary to defendants' contention, seniority rights, when recognized and guaranteed by contract between the employer and the union, inure to the benefit of the individual employees, and the employee may invoke the equity jurisdiction of the courts if full resort to union tribunals has proved unavailing because of unreasonable construction of union laws or want of good faith on the part of such officers (63 C. J. 693, sec. 66); and the courts will take jurisdiction in all such cases if civil, property, and contract rights are involved. 63 C. J. 701; see, also, Id. 663, sec. 13; 688, sec. 57.

But the principal question for determination here is whether the trial court has correctly applied the law to the facts as established by the weight of the evidence.

The testimony shows that for a number of years the defendants, as the local committee for the order, had made monthly assignments or runs for all the trainmen, and that plaintiff had continued to work under these assignments until the one here in dispute was announced. The contract between the company and the order is silent as to these functions exercised by the committee. But the company has neither interfered with nor denied the committee's asserted powers. The contract recognizes the seniority rule among the trainmen, and guarantees to senior employees the preference of runs when one is created or becomes vacant. The contract also provides that "rearrangement of runs may be made at any time as conditions require." But it is silent as to who shall consider the conditions and rearrange the runs accordingly.

Plaintiff takes the position that when a senior conductor is once established in a run the local committee is powerless to change the same against his will. But there is ample evidence that the committee

did have power to change or rearrange the run. The contract recognized that power in some one. It has been assumed by the order, through its said committee, and the contract has at all times been so interpreted by the parties thereto, has been acted upon by them accordingly, and the power of the committee to make assignments has therefore become settled by usage and custom on the part of the order, the company, and the employees. The trial court necessarily so found when it ordered the committee to rearrange its late assignments so as not to discriminate against the plaintiff.

It appears from the evidence that four to five days per month were taken from the plaintiff's assignment. But it does not appear that this was arbitrarily accomplished, but was the result of rearrangement of assignments of the conductors employed on the particular railroad whereby their runs were redesignated. It appears further that the plaintiff was given the choice of the assignments as made by the committee. When that was done the seniority rights of the plaintiff were fully protected by the defendants. They were empowered to make the assignments or runs "at any time as conditions require," and it does not appear that the prevailing conditions did not reasonably warrant a "rearrangement of runs." Without such proof we cannot say that the action of the committee in that respect was arbitrary or unjust, or an unreasonable interpretation of the order's statutes, constitution, or custom.

It is not shown here by sufficient evidence that the rights of seniority extend beyond the privilege of selecting a choice of the runs or assignments as made up and designated by the committee. It has not been made to appear by the evidence that the runs of senior trainmen are not subject to change along with a general rearrangement of runs. It is not shown that the committee in making the assignments acted in disregard of the rules and statutes of the order. In the absence of proof of these matters, the courts will not interfere with the orders of the duly constituted authorities of the Union. 63 C. J. 693. The judgment of the trial court in this respect is not supported by the clear weight of the evidence, and must be reversed.

Judgment reversed.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.