## HARRIS v. HERON et al.

No. 31390. May 23, 1944.

149 P. 2d 94.

E. W. Schenk, of Ardmore, for plaintiff in error.

McGill & Johnson, of Ardmore, for defendant in error.

PER CURIAM. On April 10, 1942, the plaintiff in error, hereinafter referred to as plaintiff, instituted this action against the defendant in error, hereinafter referred to as defendant, and another not here involved, to recover on eleven of a series of twelve notes which had been executed on July 9, 1929, to evidence an original debt of $1,250.

Plaintiff in his petition alleged that the first note of the series had been paid in due course and that the remaining eleven notes, which matured at yearly intervals commencing July 25, 1931, had not been paid, and that the notes which matured on July 25, 1931, 1932, and 1933, respectively, had the notation thereon "extended June 1, 1935." Plaintiff further alleged that there was due on the eleven notes the sum of $1,150 with interest thereon at 7 per cent per annum from July 9, 1929, and the further sum of 15 per cent of the entire amount as attorney fees and prayed judgment for said sums.

The trial court sustained a demurrer to the petition insofar as a right to recover on the seven notes which had matured more than five years prior to the institution of the action here concerned. The plaintiff elected to stand upon the petition and thereupon judgment was

rendered in favor of the defendant as to the seven notes which showed upon their face that they had been barred by the statute of limitations. The plaintiff has perfected this appeal.

As grounds for reversal plaintiff contends that the statute of limitations does not run on any note of a series of notes given to represent a loan of money to be paid in installments until the last note of the series is due. The plaintiff has not favored us with citation of any authority to support the rule sought to be invoked, but directs our attention to 12 O. S. 1941 § 95, and the cases of Core v. Smith, 23 Okla. 909, 102 P. 114; Vanselous v. McClellan, 57 Okla. 742, 157 P. 923; Union Central Life Ins. Co. v. Adams, 169 Okla. 572, 38 P. 2d 26; State ex rel. Commissioners of the Land Office v. Hall, 191 Okla. 257, 128 P. 2d 838; Twin Falls Oakley L. & Water Co. v. Martens, 271 Fed. 428. An examination of the authorities so cited will reveal that they are authority for the rule that where payment is to be made in installments under contract which gives the payee an option to accelerate the date of payment, the option is one for the benefit of payee and may be waived and the entire debt declared upon at the maturity of the last installment; and they are also authority for the rule that the lien of the mortgagee is not barred until the debt secured thereby is barred. The rules announced in the foregoing cases, however, are inapplicable to the action at bar. The plaintiff was seeking to recover a money judgment on eleven notes, each of which constituted a separate and distinct promise to pay a specific sum of money at a definite time. In the case of Gaddis v. Williams, 81 Okla. 289, 198 P. 483, it was pointed out:

"In an action on a series of promissory notes each note constitutes a separate cause of action."

The action of plaintiff, therefore, was one upon eleven separate causes of action and each based upon a contract, agreement or promise in writing, and an action thereon had to be commenced within five years after the accrual

thereof and not afterward. 12 O. S. 1941 § 95. Plaintiff concedes that he could have maintained actions upon the several notes as they became due, but urges that he was not bound to do so. The authorities cited in support of his position do not sustain it. On the contrary, as said in United States Fidelity & Guaranty Co. v. Fidelity Trust Co., 49 Okla. 398, 153 P. 195:

"Where one person may rightfully sue another, a cause of action has accrued, and the statute of limitations begins to run."

An analogous case was considered by the Supreme Court of Idaho in Union Central Life Ins. Co. v. Keith, 58 Idaho, 471, 74 P. 2d 699. Therein it was said:

"It will be noted that installments 9 and 10 had already become due, under the terms of the contract, six (1930) and five (1931) years, respectively, prior to the commencement of the action, so that no election was necessary to maintain the action on these obligations. The statute had run against them. On the other hand, the commencement of the suit for the foreclosure of the mortgage on the entire indebtedness was itself an election as to all indebtedness which had not become due as shown on the face of the installment notes. Union Central Life Ins. Co. v. Shultz, 45 Idaho, 185, 261 P. 235; Mullen v. Gooding Implement & Hardware Co., Ltd., 20 Idaho, 348, 118 P. 666; Wienke v. Smith, 179 Cal. 220, 176 P. 42, 44."

Plaintiff urges that since three of the notes had the notation "extended June 1, 1935," it must be presumed that these notes were extended one year from that date, but even if this was a fact, it did not help plaintiff's case since the action at bar was not instituted until April, 1942.

The judgment of the trial court did not attempt to do more than deny plaintiff a recovery on the seven notes which upon their face were barred by the statute of limitations and left plaintiff free to pursue his remedy on the remaining notes. In this there was no reversible error for the reasons stated in Union Central Life Ins. Co. v. Keith, supra.

The right of plaintiff to proceed with his action on the notes not barred at the institution of this action is not prejudiced in any manner by our decision herein, and he is free to proceed in the trial court with his action thereon. The judgment for the defendant on the seven causes of action barred by the statutes of limitations is affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, and DAVISON, JJ., concur.