FOSTER et al. v. WALKER et al.

No. 33093.   Nov. 15, 1949.

Rehearing Denied April 25, 1950.

*217 P. 2d 533.*

Rex Belisle, Priest & Belisle, and Cargill, Eagleton & Cargill, all of Oklahoma City, for plaintiffs in error.

J. A. Rinehart, of El Reno, and Clarence E. Weisell, Harold C. Heiss, and Russell B. Day, all of Cleveland, Ohio, for all defendants in error, except Trustee for St. Louis-San Francisco Railway Company.

Satterfield & Franklin, of Oklahoma City, for defendant in error, Frank A. Thompson, as trustee in re-organization of the St. Louis-San Francisco Railway Company, a corporation.

HALLEY, J. We shall refer to the railway company as the Frisco, to the Brotherhood of Locomotive Engineers as Engineers, and to the Brotherhood of Locomotive Firemen and Enginemen as Firemen.

It is alleged that on May 10, 1910, the Firemen and the Frisco entered into an agreement in writing, giving to the Firemen certain seniority and promotional rights as employees of the Frisco in their respective districts or divisions; that on January 19, 1920, the Engineers entered into a similar agreement with the Frisco, in writing, giving to the Engineers certain seniority and promotional rights within their respective districts or divisions; that under these two contracts, yard firemen earned rights to promotion to yard engineers, and road firemen earned rights to promotion to road engineers, but that neither earned promotional rights in a class of service in which they had not been employed.

It is further alleged that on April 16, 1928, the Engineers and the Firemen entered into separate contracts with the Frisco, providing for the consolidation of road and yard seniority lists of engineers and firemen for all of the districts or divisions of the Frisco system; that the Constitution of the Firemen's Brotherhood provides in article 13, sec. 16, par. (e), that the consolidation of two or more seniority districts on a railway system may be accomplished only by a majority vote of all the members of the Brotherhood of the seniority districts affected, and that no vote of the membership was taken prior to the consolidation agreement of April 16, 1928. That thereafter, without the consent of the Firemen, and over their protest, the Engineers and the Frisco interpreted the consolidation agreement to mean that all engineers should hold their relative standing on the Engineers' roster in the class of service in which they had established their seniority rights, but that thereafter, engineers should only be promoted from firemen to the relative standing such firemen had on the consolidation roster of firemen, regardless of the service in which the promotional rights had been earned by such firemen.

It is further alleged that the action of the Engineers and Frisco was capricious, arbitrary, and inequitable, and deprived the engineers and firemen of their earned seniority rights in the class of service in which the same was earned, thus depriving them of valuable property rights; that they had exhausted all of the available remedies within their respective organizations to correct the injury complained of, but had been granted no relief, and having no adequate remedy at law to protect such rights, prayed that the court exercise its equitable power by granting a mandatory injunction requiring the defendants to restore to the engineers and firemen their earned seniority rights in the class of service in which such rights had been acquired.

The defendants pleaded the five-year statute of limitations, each having filed general demurrers and motions for judgment on the pleadings, which were overruled. The plaintiffs introduced certain evidence, and the court ordered that the plaintiffs make certain portions of their petition more definite and certain. The plaintiffs complied with this order, and the defendants renewed their

motions for judgment on the pleadings. These motions were sustained and judgment rendered for the defendants. We held in Berry Dry Goods Co. v. Ward, 120 Okla. 11, 249 P. 916, that a motion for judgment on the pleadings presents the question of the statute of limitations for decision, where the petition shows on its face that the action is barred.

The petition of plaintiffs shows that more than sixteen years elapsed between the effective date of the consolidation agreement, April 16, 1928, and the commencement of this action, January 23, 1945. No reason or justification for the long delay in bringing this action is pleaded. Plaintiffs' action is grounded upon contractual rights, but the equitable remedy of mandatory injunction is invoked. Is the five-year statute of limitations applicable to an equitable action grounded upon contract? In section 4, Title 12, O. S. 1941, an action is defined as:

"An ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right the redress or prevention of a wrong, or the punishment of a public offense."

Section 6, Title 12, provides for only two kinds of actions, civil and criminal; section 7 defines a criminal action, and section 8 provides that all other actions are civil actions; section 10 abolishes the distinction between law actions and suits in equity, while section 95 of Title 12, O.S. 1941, provides as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: First, within five years: An action upon any contract, agreement or promise in writing."

The cause of action, if any, of the plaintiffs accrued on April 16, 1928, the date of the consolidation agreement, because on that date any of the plaintiffs could have brought suit to determine as to whether or not the agreement was valid and whether or not any rights or privileges were wrongfully taken from them. In Broadwell v. Board of Commissioners of Bryan County, 88 Okla. 147, 211 P. 1040, we said that the statute of limitations begins to run when the cause of action accrues, and the true test to determine when the cause of action accrues is to ascertain the time when the plaintiff could first maintain his action to a successful result. Also, in Harris v. Heron, 194 Okla. 226, 149 P. 2d 94, we said that where one may rightfully sue another, a cause of action has accrued and the statute of limitations begins to run. In Davis, Director General of Railroads, v. Rush (Tex. Civ. App.) 288 S.W. 504, it was held that an agreement between Director General of Railroads and railway unions relative to hours of work and pay constituted a written contract and that the statute of limitations applicable to written contracts applied.

Our general statutes of limitations were adopted from the Code of Kansas. In an early Kansas case of Chick v. Willetts, 2 Kan. 284 (1864), the Supreme Court of Kansas discussed the question of whether or not the statutes of limitations in that state were applicable to suits in equity, and said in part:

"The distinction between actions at law and suits in equity is abolished; and the statutes of limitations apply equally to both classes of cases. They were made to apply to the subject matter, and not to the form of the action."

We adopted the foregoing statutes from Kansas and the construction placed thereon by the highest court of that state, to the effect that the statutes of limitations apply equally to actions at law and to suits in equity. Harness v. Myers, 143 Okla. 147, 288 P. 285. If the rights of the plaintiffs were infringed by the consolidation agreement of April 16, 1928, their cause of action accrued at that time. The evidence shows that the execution of this agreement was made known promptly to the employees of the Frisco who were af-

fected thereby, and there is no allegation denying that the plaintiffs have known of its provisions since the date of its execution. This is clearly a "civil action" within the meaning of our statutes.

Since we have concluded that plaintiffs' cause of action is barred by the five-year statute of limitations, it is unnecessary to discuss the other contentions of the parties. The judgment of the trial court is affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.

On Rehearing.

PER CURIAM. On rehearing plaintiffs contend that the statement in the opinion that their cause of action arose when the contract in controversy was executed overlooked the fact that they were required to exhaust their administrative remedies before they could maintain this action, citing Lockwood v. Chitwood, 185 Okla. 44, 89 P. 2d 951, as authority for this statement.

Examination of this case and of the statements in Corpus Juris, cited therein, disclose that the rule there announced applied to issues between a labor union and a member or members thereof, and not to controversies involving the validity or effect of a contract with a third party, as in the present case.

In Kordewick v. Indiana Harbor Belt R. Co. (C.C.A. 7) 157 F. 2d 753, and in Barnhart v. Western Maryland Ry. Co. (C.C.A. 4) 128 F. 2d 709, the federal courts held that application for relief to the federal administrative agencies under the railroad labor law did not postpone or suspend the operation of the statute of limitation, where the actions were brought against the railroad companies for claimed violations of employment agreements.

If, as asserted by plaintiffs, the contract entered into wrongfully or illegally took away from them valuable rights theretofore vested in them under previous agreements, plaintiffs' cause of action, if any they had, arose upon the making of such contract, as they could then bring an action to enjoin the railroad company from putting such contract into effect.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., and WELCH, J., dissent.