OKLAHOMA BRICK CORPORATION,
a corporation, Appellee,

v.

Richard J. McCALL, Appellant.

No. 44031.

Supreme Court of Oklahoma.

May 9, 1972.

B. J. Brockett, Oklahoma City, for appellee.

Lee M. Holmes, Oklahoma City, for appellant.

McINERNEY, Justice:

On certiorari to the Court of Appeals, Division No. 2, we must decide when the

statute of limitations begins to run on an installment note which contains an option to accelerate the due date of remaining installments upon default of any one installment.

On August 1, 1969, plaintiff, Oklahoma Brick Corporation, commenced this action to recover on a note, in the amount of $1,713.84, executed by defendant, Richard J. McCall. The note was payable in four equal installments of $425.96 each. The first installment was due on June 15, 1964, the second on July 1, 1964, the third on July 15, 1964, and the fourth on August 1, 1964. The note provided: "If any installment of this note be not paid when due, then all installments hereof remaining unpaid shall immediately become due and payable at the option of the legal holder hereof, without notice or demand, said notice and demand being hereby expressly waived." Answering, defendant plead the five year statute of limitations applicable to written contracts as a bar to plaintiff's claim. Based on the asserted bar of the statute of limitations, defendant moved for judgment on the pleadings. Subsequently, plaintiff also moved for judgment on the pleadings.

The trial court sustained plaintiff's motion for judgment on the pleadings and rendered judgment for plaintiff for the full amount of the note, $1,713.84. Affirming, the Court of Appeals held that, unless an option to accelerate has been exercised, the statute of limitations does not begin to run on an installment note until the day following the maturity date of the final installment, citing Harris v. Heron, 194 Okl. 226, 149 P.2d 94 (1944); Union Central Life Insurance Company v. Adams, 169 Okl. 572, 38 P.2d 26 (1934); Core v. Smith, 23 Okl. 909, 102 P. 114 (1909).

Union Central Life Insurance Company v. Adams, 169 Okl. 572, 38 P.2d 26 (1934) holds, in syllabus No. 2, as follows:

"Where the note and mortgage provides for acceleration, the statute of limitation does not begin to run from date of partial default, but only from the maturity of the full principal or of the last installment of the principal, unless the creditor elects to declare the whole amount due."

This syllabus states a rule of law not warranted by the facts and not necessary to the decision in the case. The principal of the note was not payable in installments, but had a single maturity date; and the action was commenced within five years of the maturity date of the note. The only question actually decided was whether a letter written by the creditor was sufficient to constitute an election to accelerate the maturity of the note after the debtor failed to pay an interest installment.

There is language in Harris v. Heron, 194 Okl. 226, 227, 149 P.2d 94 (1944) which states:

"An examination of the authorities so cited will reveal that they are authority for the rule that where payment is to be made in installments under contract which gives the payee an option to accelerate the date of payment that the option is one for the benefit of payee and may be waived and the entire debt declared upon at the maturity of the last installment; . . ."

This statement was made solely for the purpose of distinguishing the factual situation in *Harris* from the authorities discussed therein. The action in *Harris* was begun to recover on eleven separate notes, not to recover on an installment note. The Court held that each note constituted a separate cause of action and that the statute of limitations would begin to run on each note from its due date. Therefore, *Harris* is not authority for the proposition that the statute does not begin to run against an installment note until the due date of the final installment.

Core v. Smith, 23 Okl. 909, 921–925, 102 P. 114, 118–119 (1909) is also distinguishable from the present case. There was no default of an installment involved. The acceleration clause provided that the entire obligation would become due upon failure to pay any interest or taxes when due.

The Court construed this acceleration clause to be optional although the clause did not specifically provide an option. Thus, the Court held that the clause was for the benefit of the creditor rather than the debtor and would not start the statute of limitations running against the principal debt unless the creditor elected to enforce the acceleration provision.

Kelley v. Garfield County Building & Loan Ass'n, 180 Okl. 253, 68 P.2d 811 (1936) cites and follows Union Central Life Insurance Co. v. Adams, 169 Okl. 572, 38 P.2d 26 (1934).

Generally, a statute of limitations begins to run when a cause of action accrues, and a cause of action accrues at the time when a plaintiff first could have maintained his action to a successful conclusion. Turner v. Sooner Oil & Gas Co., 206 Okl. 344, 347, 243 P.2d 701, 705 (1952); Big Four Foundry Co. v. Hagens, 197 Okl. 409, 172 P.2d 322 (1946); Harris v. Heron, 194 Okl. 226, 149 P.2d 94 (1944); Von Schrader v. Board of Commissioners, 187 Okl. 527, 103 P.2d 930 (1940); 51 Am.Jur.2d, Limitation of Actions, § 107, p. 679. On an installment note, each installment constitutes a separate cause of action, and an action may be maintained to collect each installment as it becomes due. Kouri v. Toma, 198 Okl. 111, 175 P.2d 975 (1947); 12 Am.Jur.2d, Bills & Notes, § 1053, p. 65. According to the above cited cases, the statute of limitations would begin to run against each installment as it becomes due according to the terms of the note. Expressions to the contrary contained in Kelley v. Garfield County Building & Loan Ass'n, 180 Okl. 253, 68 P.2d 811 (1936); Union Central Life Insurance Co. v. Adams, 169 Okl. 572, 38 P.2d 26 (1934); Core v. Smith, 23 Okl. 909, 102 P. 114 (1909) are specifically overruled.

Under the Uniform Commercial Code—Commercial Paper, 12A O.S.1971, § 3-122, a cause of action against a maker of a time note accrues on the day after maturity. Therefore, on an installment note, we hold that the statute of limitations begins to run against each installment on the day following its maturity.

The five year limitation period provided in 12 O.S.1971, § 95 (First) is applicable in this case. Plaintiff commenced this action within five years after its cause of action accrued on the fourth and final installment, but not within five years of the accrual of its cause of action on the first three installments. Therefore, plaintiff cannot recover the amount of the first three installments, but is entitled to recover only the final installment.

The trial court awarded plaintiff an attorney fee of $500.00, and this award was affirmed by the Court of Appeals. However, the amount of this award was based on a recovery of $1,713.84. Since plaintiff's recovery has been reduced to $425.96, the attorney fee of $500.00 should be reduced also. In the brief in support of petition for rehearing before the Court of Appeals, defendant requested a reduction of the attorney fee to $250.00 should the judgment be reduced to $425.96. Accordingly, the attorney fee in this case is set at $250.00.

The decision of the Court of Appeals and the judgment of the trial court are modified to reduce plaintiff's recovery on the note to $425.96 and to reduce the attorney fee awarded to plaintiff to $250.00. As modified, the decision of the Court of Appeals and the judgment of the trial court are affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, JACKSON, IRWIN and BARNES, JJ., concur.

HODGES and LAVENDER, JJ., dissent.